[Civ. No. 12766. Fourth Dist., Div. One. Sept. 7, 1973.]

CORWIN KARR STOEHR et al., Petitioners, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

## COUNSEL

Goldberg & Link and Frederic L. Link for Petitioners.

No appearance for Respondent.

Edwin L. Miller, Jr., District Attorney, Terry J. Knoepp and Hugh E. McManus, Deputy District Attorneys, for Real Party in Interest.

## OPINION

**BROWN (Gerald), P. J.**—Corwin and Albert Stoehr petition for a writ of prohibition and/or mandate following the denial of their motions under Penal Code sections 1538.5 and 995 and of their motion to disclose the identity of an informant. The motions were submitted on the transcript of the preliminary examination at which the Stoehrs were bound over to answer charges of possessing controlled substances, marijuana and narcotics paraphernalia in violation of Health and Safety Code sections 11350, 11357 and 11364, respectively. A writ of mandate should issue.

The police found and seized contraband upon which the charges against the Stoehrs are grounded in a search conducted under the authority of a search warrant. The only support for issuing the search warrant was an affidavit signed by a police officer which recited information learned from a confidential informant.

Absent the contraband seized in the search, there was insufficient evidence presented at the preliminary hearing upon which the defendants

could be bound over for trial. Under these circumstances the validity of the lower court's orders denying defendants' motions to suppress and to vacate the information turns upon the sufficiency of the affidavit in support of the search warrant. There was no evidence, nor do the People contend, a warrantless search would have been justified.

In material part, the police officer's affidavit, dated March 22, 1973, alleges: He was an officer experienced in narcotic investigation; he had reasonable cause to believe a specified single family dwelling contained specified narcotics and paraphernalia; and he had information from an informant whose identity he wished to keep secret for stated reasons. Regarding the reliability of the confidential informer, the officer alleged: "In the course of my duties, I have received information from an informant, hereinafter referred to as 'XX,' whom I believe to be reliable for the following reasons. Since I have known XX, he has never given me false or misleading information and XX appears to be a truthful person. XX has given me information in the past that resulted in the arrest for narcotic violations of at least two individuals. Through my investigation and through information received from other law enforcement officers, I have verified that the information given by XX was correct. XX has in the past properly identified heroin to me." The entirety of the information supplied by the informer is contained in the allegations: "On the 20th day of March, 1973, XX told me the following: That within the past five days XX has been in the above-described residence located at 6833 Central Avenue, County of San Diego, and while at the residence XX saw heroin in the residence."

The affidavit meets, at least minimally, the requirements of *Aguilar* v. *Texas,* 378 U.S. 108 [12 L.Ed.2d 723, 84 S.Ct. 1509], in that the magistrate must be informed of some of the underlying circumstances from which the informant concluded the narcotics were where he claimed they were (he was there and saw the heroin), and he must also be informed of the underlying circumstances from which the officer concluded the informant was credible or his information was reliable (the officer had past experience with this informer).

The affidavit's deficiency lies not from a failure to satisfy either of *Aguilar's* two tests. The affidavit's defect, rather, is it does not furnish probable cause to search. The informant's information does not give rise to a reasonable belief a search will uncover contraband now, i.e., on the date of the affidavit.

The bare bones allegation the informant saw heroin in the house within the last seven days does not sufficiently connect the narcotic with the house or any occupant. For all the affidavit reveals, when the informer made

his observation, he might have been alone in the house, and introduced the heroin into it unknown to any occupant. Speculation as to the circumstances under which the informant saw the heroin can run from mundane to fanciful.

It is sufficient to note here the affidavit's lack of detail forces a magistrate to engage in outright speculation before he can draw the inferences connecting the heroin with the house and that the heroin is still in the house and might be discovered by search. We are not told such circumstances as the quantity of heroin observed, how it was packaged, how many people were there, where it was located or whether it was involved in a transaction or use. These matters must have been observed by the informant but are not disclosed.

We recognize and appreciate the dilemma posed where giving specific and detailed information may tend to reveal the identity of an informant in a case where the informant should, for his safety or continued utility, be kept secret. (See *People* v. *West,* 237 Cal.App.2d 801, 807-808 [47 Cal.Rptr. 341].) But a desire by the police to play it close to the chest, no matter how well intentioned, must not lead to searches based on less than probable cause or convert the magistrate into a rubber stamp for the police, as warned against in *Aguilar* v. *Texas, supra,* 378 U.S. 108, 111 [12 L.Ed.2d 723, 726, 84 S.Ct. 1509, 1512].

In view of this decision, it is unnecessary to reach the issue whether the superior court erred in denying the motion to disclose the informant's identity.

Let a writ of mandate issue compelling the superior court to vacate its order denying the motions under Penal Code sections 1538.5 and 995 and to enter an order granting the motions.

Ault, J., and Cologne, J., concurred.

The petition of the real party in interest for a hearing by the Supreme Court was denied October 31, 1973.