[Crim. No. 17748. In Bank. May 29, 1975.]

THE PEOPLE, Plaintiff and Respondent, v.
FRANK STEVEN MESA, Defendant and Appellant.

COUNSEL

Richard Savitz, under appointment by the Supreme Court, and Harold F. Tyvoll for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, A. Wells Petersen and Yvonne H. Behart, Deputy Attorneys General, for Plaintiff and Respondent.

David D. Minier, District Attorney (Santa Barbara), and Patrick J. McKinley, Deputy District Attorney, as Amici Curiae on behalf of Plaintiff and Respondent.

OPINION

CLARK, J.—Defendant appeals from judgment entered on jury verdicts convicting him of possession of narcotics for sale (Health & Saf. Code, § 11351) and possession of narcotics paraphernalia (Health & Saf. Code, § 11364). The judgment is affirmed, but modified.

The contraband was discovered in defendant's residence during a search conducted pursuant to a warrant. The affidavit in support of the warrant stated that a confidential informant had told the affiant-officer he had seen a "quantity of paper bindles" containing heroin at the residence "on at least one occasion in the past six days." Relying on *Stoehr* v. *Superior Court* (1973) 34 Cal.App.3d 197 [109 Cal.Rptr. 756], defendant contends the affidavit failed to provide probable cause to believe the heroin was still there.

The standards for reviewing search warrant affidavits stated in *United States* v. *Ventresca* (1965) 380 U.S. 102 [13 L.Ed.2d 684, 85 S.Ct. 741] bear repetition here. "If the teachings of the Court's cases are to be followed and the constitutional policy served, affidavits for search warrants . . . must be tested and interpreted by magistrates and courts in a commonsense and realistic fashion. They are normally drafted by non-lawyers in the midst and haste of a criminal investigation. Technical requirements of elaborate specificity once exacted under common law pleadings have no proper place in this area. A grudging or negative attitude by reviewing courts will tend to discourage police officers from submitting their evidence to a judicial officer before acting. [¶] . . . [T]he courts should not invalidate the warrant by interpreting the affidavit in a hypertechnical, rather than a commonsense, manner. Although in a particular case it may not be easy to determine when an affidavit demonstrates the existence of probable cause, the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants." (*Id.* at pp. 108-109 [13 L.Ed.2d at pp. 688-689]; see *People* v. *Superior Court (Johnson)* (1972) 6 Cal.3d 704, 711 [100 Cal.Rptr. 319, 493 P.2d 1183].)

*Stoehr* v. *Superior Court, supra,* manifests the "grudging or negative attitude by reviewing courts" condemned in *Ventresca.* The affidavit in *Stoehr* stated that a confidential informant told the affiant-officer he had seen heroin in a specified residence during the preceding week. The Court of Appeal held the affidavit defective on the following grounds: "The informant's information does not give rise to a reasonable belief a search will uncover contraband now, i.e., on the date of the affidavit. [¶] The bare bones allegation the informant saw heroin in the house within the last seven days does not sufficiently connect the narcotic with the house or any occupant. For all the affidavit reveals, when the informer made his observation, he might have been alone in the house, and introduced the heroin into it unknown to any occupant. . . . [¶] It is sufficient to note here the affidavit's lack of detail forces a magistrate to engage in outright speculation before he can draw the inferences connecting the heroin with the house and that the heroin is still in the house and might be discovered by search. We are not told such circumstances as the quantity of heroin observed, how it was packaged, how many people were there, where it was located or whether it was involved in a transaction or use." (34 Cal.App.3d at pp. 199-200.)

 The reliability of the confidential informant in *Stoehr,* as here, was well established, as the Court of Appeal acknowledged in

noting that the affidavit satisfied both "prongs" of *Aguilar* v. *Texas* (1964) 378 U.S. 108, 114 [12 L.Ed.2d 723, 728-729, 84 S.Ct. 1509].[1] (34 Cal.App.3d at p. 199.) Therefore, the magistrate was entitled to dismiss the possibility that "when the informer made his observation, he might have been alone in the house, and introduced the heroin into it unknown to any occupant." (34 Cal.App.3d at pp. 199-200.)

▮ It is quite true that an affidavit in support of a search warrant must provide probable cause to believe the material to be seized is still on the premises to be searched when the warrant is sought. (*Sgro* v. *United States* (1932) 287 U.S. 206, 210 [77 L.Ed. 260, 262-263, 53 S.Ct. 138, 85 A.L.R. 108]; *Alexander* v. *Superior Court* (1973) 9 Cal.3d 387, 393 [107 Cal.Rptr. 483, 508 P.2d 1131]; *People* v. *Nadell* (1972) 23 Cal.App.3d 746, 755 [100 Cal.Rptr. 444]; *People* v. *Sheridan* (1969) 2 Cal.App.3d 483, 490 [82 Cal.Rptr. 695].) However, the information here was sufficiently timely to warrant such a belief; the reliable informant had personally observed the material to be seized on the premises to be searched within the previous six days. (See, e.g., *People* v. *Superior Court (Johnson)*, *supra*, 6 Cal.3d 704, 713 [100 Cal.Rptr. 319, 493 P.2d 1183]; *People* v. *Wilson* (1968) 268 Cal.App.2d 581, 587-589 [74 Cal.Rptr. 131]; *People* v. *Scott* (1968) 259 Cal.App.2d 268, 277-278 [66 Cal.Rptr. 257].) Whatever doubt remains in this case is resolved by the "preference to be accorded to warrants." (*United States* v. *Ventresca, supra*, at p. 109 [13 L.Ed.2d at p. 689].) *Stoehr* v. *Superior Court* is disapproved insofar as it conflicts with the principles expressed herein.

### PRIOR CONVICTIONS

The information also alleged that defendant had been convicted twice for robbery in 1968. Defendant admitted the prior felony convictions,

---

[1]To be legally sufficient to support the issuance of a search warrant an affidavit based on an informant's hearsay statement must meet two requirements: (1) The affidavit must allege the informant's statement in language which is factual rather than conclusionary and must establish that the informant spoke with personal knowledge of the matters contained in the statement; and (2) the affidavit must contain some underlying factual information from which the magistrate can reasonably conclude the informant was credible or his information reliable. (*Aguilar* v. *Texas, supra*, 378 U.S. 108, 114 [12 L.Ed.2d 723, 728-729, 84 S.Ct. 1509]; see *Spinelli* v. *United States* (1969) 393 U.S. 410, 413 [21 L.Ed.2d 637, 89 S.Ct. 584]; *People* v. *Superior Court (Johnson), supra*, 6 Cal.3d 704, 711 [100 Cal.Rptr. 319, 493 P.2d 1183].)

The informant in *Stoehr* had previously given the officer information leading to two narcotics arrests and had never given the officer false or misleading information. (34 Cal.App.3d at p. 199.) The informant here had previously given the officer information leading to five narcotics arrests and also had never given the officer false or misleading information.

having initially denied them. Although both the minute order of judgment and the abstract of judgment refer to them, the trial judge failed to mention the priors in pronouncing judgment. Defendant contends the priors must therefore be stricken from the abstract of judgment.

In *In re Candelario* (1970) 3 Cal.3d 702 [91 Cal.Rptr. 497, 477 P.2d 729], a defendant convicted of selling heroin admitted having received a prior felony conviction for possession of marijuana. However, the prior conviction was not mentioned in the oral pronouncement of judgment, the minute order of judgment, or the original abstract of judgment. Over a month later, the judge filed an amended abstract of judgment to which the prior conviction had been added.

■ Holding the attempted amendment invalid on the ground that failure to include the prior conviction in the judgment could not be presumed an inadvertent clerical error, this court stated: "Admission of the prior offense . . . does not thereby relieve the court of its responsibility to pronounce judgment finding petitioner guilty of the substantive offense with a prior conviction, and to have such judgment entered in the official records of the court. [¶] Reference to the prior conviction must be included in the pronouncement of judgment for if the record is silent in that regard, in the absence of evidence to the contrary, it may be inferred that the omission was an act of leniency by the trial court. In such circumstances the silence operates as a finding that the prior conviction was not true." (3 Cal.3d at p. 706.)

The Attorney General seeks to distinguish *Candelario* on the ground that the prior convictions here were mentioned in the minute order of judgment and the original abstract of judgment. The attempted distinction fails. ■ As the Los Angeles Superior Court Criminal Trial Judge's Bench Book states on page 452: "Rendition of judgment is an oral pronouncement." Entering the judgment in the minutes being a clerical function (Pen. Code, § 1207), a discrepancy between the judgment as orally pronounced and as entered in the minutes is presumably the result of clerical error. Nor is the abstract of judgment controlling. "The abstract of judgment is not the judgment of conviction. By its very nature, definition and terms (see Pen. Code, § 1213.5) it cannot add to or modify the judgment which it purports to digest or summarize." (*People* v. *Hartsell* (1973) 34 Cal.App.3d 8, 14 [109 Cal.Rptr. 627].)

In pronouncing judgment, the trial judge must make it clear the defendant is sentenced as one whose prior conviction has been admitted or found true. ■ The trial judge here having failed to make it clear that he intended to sentence defendant as a prior offender, the reference to two prior robbery convictions is stricken from the abstract of judgment.[2]

The judgment as modified is affirmed.

Wright, C. J., McComb, J., Tobriner, J., Mosk, J., Sullivan, J., and Burke, J.,* concurred.

On June 26, 1975, the opinion was modified to read as printed above.

---

[2]We modify the judgment out of an abundance of caution. Actually, being sentenced as an offender with prior robbery convictions would seem to be of little, if any, practical significance for a defendant convicted of possession of narcotics for sale. The penalty for *first-offense* possession of narcotics for sale is 5 to 15 years in prison, the offender not being eligible for release on parole or any other basis until he has served 2½ years. (Health & Saf. Code, § 11351.) Under the terms of section 11351, prior convictions do not augment the punishment unless they are narcotics or dangerous drugs offenses. Section 3024, subdivision (c), of the Penal Code provides that, "notwithstanding any other provisions of this code, or any provision of law specifying a lesser sentence," the minimum felony sentence "[f]or a person previously convicted of a felony either in this State or elsewhere, but not armed with a deadly weapon at the time of his commission of the offense, or a concealed deadly weapon at the time of his arrest, [is] two years." (Italics added.) The 2½ years defendant must serve in prison prior to parole for first-offense possession of narcotics for sale is longer than the augmented two-year minimum sentence for prior convictions provided by section 3024, subdivision (c).

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.