Filed 7/8/13  P. v. Guajardo CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JOHN JOSEPH GUAJARDO,<br><br>    Defendant and Appellant. | F063335<br><br>(Super. Ct. No. VCF238624)<br><br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Tulare County.  Gerald F. Sevier, Judge.

Robert L. S. Angres, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Kari L. Ricci, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

John Joseph Guajardo was convicted of molesting his two granddaughters many times over a period of several years and received a determinate sentence of 19 years 8 months plus an indeterminate sentence of 90 years to life.  He challenges his conviction

on count 11, exhibiting harmful matter to a minor with intent to seduce (Pen. Code, § 288.2, subd. (a)[1]).  He argues that the evidence was insufficient to support a finding of an intent to seduce and that the court should have instructed the jury on a lesser-included offense.  We reject these arguments.

Guajardo and the People agree that an erroneously imposed restitution fine should be stricken and that the abstract of judgment must be amended to correct a clerical error.  We order the necessary corrections and affirm the judgment.

## *FACTUAL AND PROCEDURAL HISTORIES*

Guajardo has two granddaughters, A.G. and K.G.  The district attorney filed an information charging Guajardo with 14 counts of sex offenses against them.  Counts 1 through 10 alleged that Guajardo committed lewd acts against A.G., a child under 14.  (§ 288, subd. (a).)  Count 11 alleged that Guajardo showed A.G. a video depicting sexual conduct with intent to arouse the sexual desires of himself and A.G. and with intent to seduce A.G.  (§ 288.2, subd. (a).)  Count 12 alleged that Guajardo communicated with A.G. with intent to commit a sex offense.  (§ 288.3, subd. (a).)  Counts 13 and 14 alleged that Guajardo committed lewd acts against K.G., a child under 14.  (§ 288, subd. (a).)  Counts 1 through 10, 13, and 14 included the special allegation that Guajardo committed the offenses against more than one victim.  (§ 667.61, subds. (b), (e)(4).)

A.G. was 15 years old at the time of trial.  The evidence at trial showed that Guajardo began touching her sexually when she was five or six years old.  When she was 10, Guajardo began giving her gifts and demanding sex in return.  In her testimony, A.G. described acts including vaginal intercourse, her masturbation of him, his placing his mouth on her breasts and vagina, his touching of her breasts and vagina, and open-mouthed kissing.

---

[1]Subsequent statutory references are to the Penal Code.

A.G. testified that Guajardo showed her pornographic videos at his house more than one time. She remembered two films. Scenes she recalled involved women having sex with each other, a man and woman having sex in a chair, and "threesomes." A.G. did not remember how old she was when Guajardo first showed her the videos. Police found two videotapes, titled "Sticky Situation" and "Butts Motel 6," in Guajardo's bedroom.

The sexual activity between Guajardo and A.G., and the exchanging of sex for gifts, took place many times and continued until A.G. was 14. It stopped when A.G.'s mother (Guajardo's daughter) contacted the authorities after finding sexually explicit text messages from Guajardo to A.G. on Guajardo's cell phone.

The evidence at trial also showed that Guajardo engaged in sexual touching of K.G., who was seven at the time of trial. K.G. told a forensic interviewer that Guajardo touched her "bootie" and "chi-chis" with his hand when she was five. At trial she testified that he touched her private area.

The jury found Guajardo guilty on all counts. It found the multiple-victim allegations true on counts 1 through 4, 13 and 14. It found those allegations not true on counts 5 through 10.[2]

The court sentenced Guajardo to six consecutive indeterminate terms of 15 years to life—a total of 90 years to life—for counts 1, 2, 3, 4, 13, and 14. These were the section 288, subdivision (a), counts with the multiple-victim special circumstances, for which a term of 15 years to life was applicable under section 667.61, subdivision (b).

---

[2]The jury apparently found some of the multiple-victim allegations not true because K.G. did not claim Guajardo committed all the same kinds of acts against her as he committed against A.G. The verdict forms specified the type of lewd act upon which each count charged under section 288, subdivision (a), was based. For instance, the form for count 1 described Guajardo's act against A.G. as "touching breasts at defendant's home," and the form for count 5 described the act against A.G. as "penis to vagina." The jury found that Guajardo committed the acts "touching breasts" (or "breast area") and "touching vaginal area" against both A.G. and K.G., and found the multiple-victim allegations true for those acts only.

The court also imposed a determine term of 19 years 8 months, calculated as follows: eight years (the upper term) for count 5; two years (one-third of the middle term) for each of counts 6 through 10; eight months (one-third of the middle term) for count 11; and one year (one-third of the middle term) for count 12.

## *DISCUSSION*

### I. *Sufficiency of evidence for count 11*

Guajardo argues that the evidence was not sufficient to support the conviction on count 11, exhibiting harmful material to a minor with intent to seduce. (§ 288.2, subd. (a).) Specifically, he maintains that the evidence did not show that he had an intent to seduce A.G. when he showed her the pornographic videos at his house.

The standard of review for a challenge to the sufficiency of the evidence supporting a conviction is well-established:

> "'"When considering a challenge to the sufficiency of the evidence to support a conviction, we review the entire record in the light most favorable to the judgment to determine whether it contains substantial evidence—that is, evidence that is reasonable, credible, and of solid value—from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. [Citation.] … We presume in support of the judgment the existence of every fact the trier of fact reasonably could infer from the evidence. [Citation.] If the circumstances reasonably justify the trier of fact's findings, reversal of the judgment is not warranted simply because the circumstances might also reasonably be reconciled with a contrary finding. [Citation.] A reviewing court neither reweighs evidence nor reevaluates a witness's credibility. [Citation.]' [Citation.]" (*People v. D'Arcy* (2010) 48 Cal.4th 257, 293.)

Section 288.2, subdivision (a)(1), provides:

> "Every person who, with knowledge that a person is a minor, or who fails to exercise reasonable care in ascertaining the true age of a minor, knowingly distributes, sends, causes to be sent, exhibits, or offers to distribute or exhibit by any means, including, but not limited to, live or recorded telephone messages, any harmful matter, as defined in Section 313, to a minor with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of that person or of a minor, and with the intent or for the purpose of seducing a minor, is guilty of a

4.

public offense and shall be punished by imprisonment in the state prison or in a county jail."

It has been held that "seducing" in this statute means enticing the minor to engage in a sex act:

> "[T]he word 'seducing' was not intended to have the vague meaning of 'lead[ing] astray' [citation] but to have the precise meaning of 'carry[ing] out the physical seduction of: entic[ing] to sexual intercourse.' [Citation.] And, in this context, 'sexual intercourse' clearly refers to 'intercourse involving genital contact between individuals' rather than 'heterosexual intercourse involving penetration of the vagina by the penis.' [Citation.] Thus, the 'seducing' intent element of the offense requires that the perpetrator intend to entice the minor to engage in a sexual act involving physical contact between the perpetrator and the minor." (*People v. Jensen* (2003) 114 Cal.App.4th 224, 239-240.)

Guajardo contends that A.G. testified only that he showed her the pornographic videos. There was no testimony indicating that he intended to seduce her at the times when he showed them, or that any sexual acts took place between them at those times.

"Intent is rarely susceptible of direct proof and must usually be inferred from a consideration of all the facts and circumstances shown by the evidence." (*People v. Pitts* (1990) 223 Cal.App.3d 606, 888.) Here, the evidence showed that Guajardo maintained a secret, sexually exploitative relationship with A.G. for years. The jury could readily and reasonably infer that he showed her the pornographic videos as part of that relationship and with the intent to induce her to have sex with him. In light of all the circumstances, there are scant grounds for believing he had any other intent. We conclude, therefore, that the evidence was sufficient to support the conviction.

## II.    *Lesser-included offense*

Guajardo argues that the court was required to instruct the jury sua sponte on section 313.1, subdivision (a), as a lesser offense necessarily included in count 11. Section 313.1, subdivision (a), provides:

> "Every person who, with knowledge that a person is a minor, or who fails to exercise reasonable care in ascertaining the true age of a minor,

5.

knowingly sells, rents, distributes, sends, causes to be sent, exhibits. or offers to distribute or exhibit by any means, including, but not limited to, live or recorded telephone messages, any harmful matter to the minor shall be punished as specified in Section 313.4."

This statute is similar to section 288.2, subdivision (a)(1), except that it does not require a showing of intent to appeal to sexual desires or to seduce. Guajardo argues that an instruction on this offense should have been given because the jury could reasonably have found that he exhibited the pornographic videos to A.G. without an intent to seduce her.

A trial court must give an instruction on a lesser-included offense sua sponte if the evidence warrants the instruction. (*People v. Cook* (2006) 39 Cal.4th 566, 596.) The evidence warrants the instruction if there is substantial evidence which, if accepted, would absolve the defendant of the greater offense, but not the lesser. (*People v. Waidla* (2000) 22 Cal.4th 690, 733.) We review de novo the court's instructions on lesser-included offenses. (*People v. Cook, supra*, at p. 596.)

As we have said, in light of all the circumstances, there would be little basis for imputing to Guajardo any intent in showing the videos to A.G. other than the intent to induce her to have sex with him. We conclude that there was no substantial evidence which, if accepted, would have absolved Guajardo of the greater offense, but not the lesser. The instruction therefore was not required.

Even if there had been any error, it would have been harmless beyond a reasonable doubt. Given that the jury found that Guajardo committed every sex act against A.G. with which he was charged, there is virtually no likelihood that it would have found that, although he exhibited pornographic videos to her at his house, he did so without sexual intentions toward her.

### III. Restitution fine

The trial court imposed a $1,000 restitution fine under section 294, subdivision (b). This statute provides a fine for offenders convicted of violating section 261, 264.1, 285,

286, 288a, or 289.  Guajardo was not convicted of any of those offenses.  Guajardo and the People agree that the fine must be stricken, as do we.  We will order the sentence corrected to omit that fine.

### IV.    *Clerical error on sentence for count 11*

At the sentencing hearing, the court orally imposed a term of eight months, equal to one-third of the middle term, for count 11.  (§ 288.2, subd. (a).)  The abstract of judgment, however, shows a sentence of two years for count 11.  The parties agree, correctly, that the court's oral pronouncement of the sentence controls.  (*People v. Mesa* (1975) 14 Cal.3d 466, 471.)  We order the court to correct the abstract of judgment.

## *DISPOSITION*

The $1,000 restitution fine imposed for count 11 is stricken and the trial court shall correct the abstract of judgment to remove that fine.  The trial court is also ordered to correct the abstract of judgment to show that the sentence for count 11 is eight months.  The trial court shall forward the corrected abstract to the appropriate correctional authorities.  The judgment is affirmed in all other respects.

_____
Wiseman, Acting P.J.

WE CONCUR:


_____
Levy, J.


_____
Peña, J.

7.