Filed 11/26/13  P. v. Daniels CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C072757 |
| Plaintiff and Respondent, | (Super. Ct. No. 12F03876) |
| v. | |
| MARCUS AARON DANIELS, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Marcus Aaron Daniels has filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  We affirm the judgment, but direct correction of the abstract.

## BACKGROUND

On June 1, 2012, at around 8:56 a.m., Sergeant Chad Courtney of the Citrus Heights Police Department saw defendant roll through a stop sign in a Honda Accord. Courtney pulled behind the Accord and activated his lights and siren.  Defendant

accelerated to 40 miles per hour and Courtney followed.  Sergeant Courtney eventually learned the Accord was stolen.

Continuing the pursuit, Courtney turned into a cul de sac.  Defendant's car was exiting the cul de sac and now faced Courtney's car; defendant accelerated to 30 to 40 miles per hour and drove at Courtney's car.  In order to avoid colliding with defendant, Courtney swerved his car to the left, across traffic and onto the curb.  He lost sight of defendant but soon found the Accord parked and abandoned about one to two blocks away.  Another officer arrived at the scene, saw defendant, and detained him.  Courtney later arrived to identify defendant as the driver of the Accord.

Defendant presented evidence that there were no fingerprints in the Accord. He testified that he fled from Courtney because he thought he had an outstanding arrest warrant.  He never tried to hit the officer.

A jury convicted defendant of assault with a deadly weapon on a peace officer (Pen. Code, § 245, subd. (c)) and felony evading an officer (Veh. Code, § 2800.2, subd. (a)).  The trial court sentenced defendant to four years in state prison, imposed various fines and fees, and awarded 227 days of presentence credit (197 actual and 30 conduct) pursuant to Penal Code section 2933.1.  Defendant appeals.

## DISCUSSION

Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d 436.)  Counsel advised defendant of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days have elapsed, and we have received no communication from defendant.

We see a minor error in the abstract of judgment.  At sentencing, the trial court ordered defendant to pay a $340 main jail booking fee.  (Gov. Code, § 29550.2.)  The abstract lists a $340.01 booking fee.

2

It is well settled that the oral pronouncement of judgment controls over the written record.  Any discrepancy between the two is presumed to be a clerical error, which can be corrected at any time to reflect the court's oral pronouncement.  (*People v. Farell* (2002) 28 Cal.4th 381, 384, fn. 2; *People v. Mesa* (1975) 14 Cal.3d 466, 471.)

We shall direct the trial court to correct the abstract of judgment.

Having undertaken an examination of the entire record, we find no other arguable error that would result in a disposition more favorable to defendant.

### DISPOSITION

The judgment is affirmed.  The trial court is ordered to correct the abstract of judgment and to forward a certified copy to the Department of Corrections and Rehabilitation.

          DUARTE          , J.

We concur:

      HULL          , Acting P. J.

      MAURO         , J.