Filed 6/17/16  P. v Sebastian CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ANTHONY SEBASTIAN,<br><br>Defendant and Appellant. | F070709<br><br>(Super. Ct. No. F14906139)<br><br>**OPINION** |

-ooOoo-

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  David Andrew Gottlieb, Judge.

Sandra Gillies, under appointment by the Court of Appeal, for Defendant Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Levy, Acting P.J., Gomes, J. and Peña, J.

Anthony Sebastian pled no contest to several charges resulting from a beating he inflicted on the mother of his child, and his subsequent departure from the scene by driving a vehicle while he was intoxicated. He was sentenced to the agreed upon term of imprisonment. Appellate counsel filed a brief asserting she did not identify any arguable issues in this case. Our review of the record identified one minor issue, the failure of the trial court to sentence Sebastian on one count of misdemeanor driving with a blood-alcohol content above .08 percent. (Veh. Code, § 23152, subd. (b).) We will remand the matter to the trial court to complete sentencing, but affirm the judgment in all other respects.

## FACTUAL AND PROCEDURAL SUMMARY

The first amended consolidated information charged Sebastian with inflicting corporal injury on the mother of his child with a prior conviction for the same crime in violation of Penal Code section 273.5, subdivision (f)(1)[1] (count 1), three counts of dissuading a witness from prosecuting a crime in violation of section 136.1, subdivision (b)(2) (counts 2, 3 and 4), misdemeanor petty theft in violation of section 484, subdivision (a) (count 5), misdemeanor violation of a domestic relations restraining order in violation of section 273.6, subdivision (a) (count 6), misdemeanor driving under the influence of alcohol in violation of Vehicle Code section 23152, subdivision (a) (count 7), and misdemeanor driving with a blood-alcohol content above .08 percent in violation of Vehicle Code section 23152, subdivision (b) (count 8). The information also alleged Sebastian had served a prior prison term within the meaning of section 667.5.

Prior to trial the parties entered into a plea agreement which required Sebastian to plead guilty (or no contest) to counts 1, 2, 3, and 8. In exchange, the trial court indicated the maximum sentence to which Sebastian would be exposed would be four years in

---

[1] All statutory references are to the Penal Code unless otherwise stated.

prison, and the prosecutor agreed to dismiss the remaining counts and allegations. Sebastian signed a waiver of rights form and entered a no contest plea to the agreed upon counts. The trial court sentenced him to a total term of four years in prison, calculated by imposing the mitigated term of two years on count 1, and a consecutive middle term of two years on count 2. The term for count 3 was imposed concurrently, as was the sentence for the trailing violation of probation case.

## DISCUSSION

Appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 asserting she did not identify any arguable issue in the case. On April 6, 2015, we invited Sebastian to inform us of any issue he wished us to address in this appeal. Sebastian did not respond to our invitation.

We have thoroughly reviewed the record and have located only one minor issue.[2] At the sentencing hearing the trial court failed to pronounce sentence on count 8, misdemeanor driving with a blood-alcohol content above .08 percent. The minute order states Sebastian was sentenced to time served for this count. However, the trial court was required to impose sentence on every count of which Sebastian was convicted (*People v. Duff* (2010) 50 Cal.4th 787, 795-796), and it is the oral pronouncement of sentence that constitutes the judgment (*People v. Mesa* (1975) 14 Cal.3d 466, 471; *People v. Scott* (2012) 203 Cal.App.4th 1303, 1324). Any difference between the oral pronouncement of judgment and the minute order is presumed to be the result of clerical error. (*People v. Mesa*, *supra*, 14 Cal.3d at p. 471; *People v. Scott*, *supra*, 203 Cal.App.4th at p. 1324.) Accordingly, we will remand the matter to the trial court to complete sentencing in this case.

---

[2] The parties were informed of our proposed disposition and did not submit a brief on the issue.

Our review did not identify any other issue in this case. Sebastian entered into a plea agreement which resulted in dismissal of numerous charges and imposition of a sentence considerably less than what he faced if convicted of all charges. He signed a Felony and Misdemeanor Advisement, Waiver of Rights, and Plea Form, which the trial court reviewed with him before accepting his plea. He was sentenced pursuant to the terms of the agreement.

## DISPOSITION

The matter is remanded to the trial court to impose sentence on count 8, misdemeanor driving with a blood alcohol-content above .08 percent in violation of Vehicle Code section 23152, subdivision (b). The judgment is affirmed in all other respects.