Filed 6/18/26  P. v. Amaya CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

| California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115. |
|---|

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E084767 |
| v. | (Super.Ct.No. RIF1201528) |
| ARMANDO RUBEN AMAYA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Joshlyn R. Pulliam and John D. Molloy, Judges.  (Judge Molloy presided over the hearing held on January 22, 2024 only).  Reversed with directions.

William D. Farber, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Arlene A. Sevidal, Supervising Assistant Attorney General, Eric A. Swenson and Tyler L. Krentz, Deputy Attorneys General, for Plaintiff and Respondent.

1

INTRODUCTION

A jury convicted defendant and appellant Armando Ruben Amaya of robbery (Pen. Code[1], § 211, count 1), burglary (§ 459, count 2) and dissuading a witness (§ 136.1, subd. (b)(1), count 4). The jury also found true the allegation as to the robbery that defendant participated as a principal knowing that another principal was armed with a firearm. (§ 12022, subd. (d).) A trial court found true the allegations that defendant had one prior prison term (§ 667.5, subd. (b)) and two prior strike convictions (§§ 667, subds. (c) & (e)(2)(A), 1170.12, subd. (c)(2)(A).) It sentenced him to a total of 26 years to life in prison as follows: 25 years to life for the robbery, 25 years to life for the burglary, stayed pursuant to section 654, 25 years to life for dissuading a witness, to be served concurrently, plus one year consecutive on the prison prior. The court subsequently recalled defendant's sentence and resentenced him.

On appeal, defendant contends the trial court erred at the most recent resentencing hearing by: (1) failing to resentence him on counts 2 and 4[2]; and (2) failing to recalculate his custody credits. We reverse and remand the matter

---

[1] All further statutory references will be to the Penal Code unless otherwise indicated.

[2] Defendant's opening brief refers to the section 136.1, subdivision (b)(1) conviction as count 3. The record shows that defendant was charged with a violation of section 136.1, subdivision (b)(1) as count 4 and that count 3 was dismissed. Thus, this opinion will refer to the conviction as count 4.

with directions for the trial court to resentence defendant and recalculate his custody credits.

PROCEDURAL BACKGROUND

Defendant was charged by second amended information with robbery (§ 211, count 1), burglary (§ 459, count 2), assault by means likely to produce great bodily injury (§ 245, subd. (b)(4), count 3), and dissuading a witness (§ 136.1, subd. (b)(1), count 4). The amended information also alleged that defendant participated as a principal knowing that another principal was armed with a firearm (§ 12022, subd. (d)), and that he had served one prior prison term (§ 667.5, subd. (b)) and had two prior strike convictions (§§ 667, subds. (c) & (e)(2)(A), 1170.12, subd. (c)(2)(A)).

On April 26, 2013, the jury convicted defendant of count 1 (§ 211), count 2 (§ 459), and count 4 (§ 136.1, subd. (b)(1)).[3] The jury also found true the section 12022, subdivision (d) firearm allegation.

On July 22, 2013, after a court trial on the prior convictions, the court found true that defendant had one prison prior and two prior strikes. (*People v. Amaya* (Jan. 9, 2015, E059609 [nonpub. opn.]).[4] The court denied defendant's motion to dismiss his prior strikes under *People v. Superior Court* (*Romero*)

---

[3] Count 3 was apparently dismissed at some point.

[4] By order dated August 1, 2025, we granted defendant's request for judicial notice with regard to the opinions in his prior appeals—*People v. Amaya* (Jan. 9, 2015, E059609 [nonpub. opn.]) (*Amaya I*) and *People v. Amaya* (Nov. 19, 2020, E074093 [nonpub. opn.] (*Amaya II*).)

(1996) 13 Cal.4th 497. It then sentenced him to a total of 26 years to life in prison, as follows: 25 years to life on count 1 (robbery), 25 years to life on count 2 (burglary) stayed pursuant to section 654, 25 years to life on count 4 (dissuading a witness), concurrent, plus one consecutive year for the prison prior. The court did not mention the firearm allegation. (*Amaya I*, *supra*, E059609.) Nonetheless, the minute order and abstract of judgment reflected that the court sentenced defendant to a consecutive one year pursuant to section 12022, subdivision (a)(1). The court also awarded defendant with 532 custody credits (463 actual days plus 69 days of conduct credits).

Defendant appealed, and this court affirmed the judgment in all respects, except we remanded the case for the trial court to either strike or pronounce judgment on the section 12022, subdivision (d) firearm enhancement. (*Amaya I*, *supra*, E059609.) We noted the trial court erred when it did not orally pronounce judgment on the firearm enhancement, even though the abstract of judgment and minute order reflected a one-year consecutive term. (*Ibid*.)

On remand, the trial court struck the firearm enhancement. (*Amaya II, supra*, E074093.)

In 2019, defendant filed a petition under section 1170.18 to reclassify his burglary conviction in count 2 as misdemeanor shoplifting. The trial court summarily denied his petition, and he appealed. This court affirmed the denial. (*Amaya II*, *supra*, E074093.) We also found that the trial court should have updated defendant's presentence custody credits when it struck the firearm

4

enhancement and resentenced him on remand. (*Ibid.*) We therefore directed the trial court to prepare an amended abstract of judgment to reflect presentence custody credits of 1,166 days (1,097 actual days plus 69 days of conduct credits). (*Ibid.*)

The trial court prepared an amended abstract of judgment that corrected the custody credits. However, it appears to have inadvertently omitted the prison prior from the abstract.

In 2022, defendant filed a petition for resentencing under section 1172.75. The petition was denied, apparently because section 1172.75 required the Department of Corrections and Rehabilitation (CDCR) to initiate the resentencing.

At some point, the CDCR forwarded to the court a list of inmates eligible for relief under section 1172.75, and Appellate Defenders wrote a letter to the court explaining that defendant's previous abstract of judgment omitted his prison prior. On July 13, 2023, the court amended the abstract of judgment again and added the prison prior back.

On January 9, 2024, defendant filed a motion for reconsideration of his petition for resentencing under section 1172.75.

At a hearing on January 22, 2024, the court granted defendant's motion. The court noted that defendant's prison prior "just got left off" the abstract of judgment, and therefore he would not have been identified for relief by the CDCR. The court stated that "something has fallen through the cracks." The People agreed. The court ordered the prior abstract corrected nunc pro tunc to reflect the

added year for the prior prison term[5] and immediately struck the prison prior since it was no longer authorized by law.  The court then stated:  "His total aggregate term would be 25 years to life.  And we can set it for a resentencing hearing, but the sentence was otherwise, illegal.  So, counts 1 and 2, there can be a 654 stay.  But count 4 is a 136.1 (B)(1).  [¶]  Now, 1170.15 says that if it is served consecutively, it must be full middle term.  That is not our problem here.  The problem here is this is a three-strikes disposition.  And because it's the three-strikes disposition, 1170.12 (A)(7) says if there is more than one serious or violent offense, in the current sentencing regime, they shall all run consecutively, which means that Count 4 should have run consecutively of 25 years to life.  [¶]  I'm just letting you all know that that is an issue.  I'm assuming you wish to set it for a further resentencing for a future date?"  The parties then agreed to set a further hearing for April 22, 2024.

The minute order from January 22, 2024, reflects that the court sentenced defendant to a total indeterminate term of 25 years to life and "[a]ll other orders [were] to remain in full force and effect."  The abstract of judgment indicates that the court struck the prison prior, sentenced defendant to 25 years to life on count 1, stayed the sentence on count 2, and imposed a concurrent term on count 4.  The abstract did not update defendant's presentence custody credits.

---

[5]  It is unclear why the court ordered the abstract of judgment amended again, since it appears the abstract was already corrected.

Defendant filed a resentencing brief prior to the further hearing and renewed his *Romero* motion, included supporting documentation, and asked the court to dismiss one of his prior strike convictions. The People filed a brief opposing defendant's request.

The court held a further resentencing hearing on September 24, 2024. The court stated that it reviewed the parties' briefs and, after hearing arguments from counsel, asked defense counsel if he was requesting the court to grant the *Romero* motion and completely resentence defendant. Defense counsel asked for both. The court asked defense counsel whether defendant was entitled to a full resentencing, and defense counsel stated that he was. Counsel then stated, "[Defendant] did have a valid prior that's already been struck, but [the prior judge] reserved for further resentencing." The People asserted that "it would make the most sense . . . to resentence to the same sentence, minus the one prior." The court responded, "The prior is already off the table. Now he's only serving 25 years to life."

The court then stated it was going to resentence defendant pursuant to section 1172.75 and noted that, under the statute, the sentence should not be longer than the one originally imposed. It commended defendant on the improvements he had made, but noted his record in prison and said, "I have to consider all the things, the good and the bad. And right now, the bad is outweighing the good, which is why I'm resentencing you to the 25 years to life." The court denied his *Romero* motion without prejudice and stated, "[Y]our sentence is going to remain

as previously imposed." The record does not contain a new or amended abstract of judgment from the hearing.

DISCUSSION

I. The Court Erred in Failing to Make a Complete Oral Pronouncement of Judgment

Defendant contends that, at the section 1172.75 resentencing hearing held on September 24, 2024, the court denied his *Romero* motion and resentenced him on count 1 to 25 years to life, but erred by failing to pronounce judgment on counts 2 and 4. The People argue that the court denied the *Romero* motion, struck the invalid prison prior, "left undisturbed" counts 2 and 4, and in accordance with the parties' understanding, "reimposed the other components of the original sentence." The People add that, even though the court did not orally pronounce judgment on counts 2 and 4, the punishment on those counts "was effectively determined by the punishment for count 1" because count 2 could not be separately punished under section 654, and count 4 was a Three Strikes sentence that could not be punished consecutively without increasing the original sentence in violation of section 1172.75. Thus, the People contend any error in the court failing to orally pronounce judgment on counts 2 and 4 was harmless. We agree with defendant that the court should have clearly pronounced judgment on counts 2 and 4, especially since it appears the court did not actually pronounce judgment at the previous hearing on January 22, 2024. As discussed *post*, we will direct the court to resentence defendant and pronounce judgment on counts 1, 2, and 4.

8

A. *Relevant Law*

Section 1172.75, subdivision (a) provides that "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid." "Once the Department of Corrections and Rehabilitation identifies those persons 'currently serving a term for a judgment that includes an enhancement described in subdivision (a)' to the sentencing court, 'the court shall recall the sentence and resentence the defendant.'" (*People v. Monroe* (2022) 85 Cal.App.5th 393, 399 (*Monroe*); § 1172.75, subds. (b) & (c).)

"By its plain terms, section 1172.75 requires a full resentencing, not merely that the trial court strike the newly 'invalid' enhancements." (*Monroe*, *supra*, 85 Cal.App.5th at p. 402; see also *People v. Buycks* (2018) 5 Cal.5th 857, 893 ["when part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances'"].) "A recall 'effectively vacate[s] [the defendant]'s original sentence and commitment.'" (*People v. Rogers* (2025) 108 Cal.App.5th 340, 360 (*Rogers*).)

The resentencing under section 1172.75 "shall result in a lesser sentence than the one originally imposed . . . unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety." (§ 1172.75, subd. (d)(1).) In resentencing, "[t]he court shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce

sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing."  (§ 1172.75, subd. (d)(2).)

"In a criminal case, judgment is rendered when the trial court orally pronounces sentence."  (*People v. Karaman* (1992) 4 Cal.4th 335, 344, fn 9 (*Karaman*); *People v. Mesa* (1975) 14 Cal.3d 466, 471 ["'Rendition of judgment is an oral pronouncement'"].)  "If a sentence of imprisonment is to be imposed . . . the sentencing judge must . . . [p]ronounce the court's judgment and sentence, stating the terms thereof and giving reasons for those matters for which reasons are required by law."  (Cal. Rules of Court, rule 4.433, subd. (c)(5).)

B.  *The Matter Should Be Remanded for Resentencing with an Oral Pronouncement of Judgment as to All Convicted Counts*

At a sentencing hearing, the court must orally pronounce the sentence on the record.  (*Karaman*, *supra*, 4 Cal.4th 335, 344, fn. 9; Cal. Rules of Court, rule 4.433(c)(5).)  The best practice for resentencing hearings under section 1172.75 should be for the trial court to orally pronounce judgment upon the conclusion of the hearing.

In this case, the court did not clearly pronounce judgment at the initial resentencing hearing on January 22, 2024.  At the conclusion of that hearing, the court struck the invalid prior prison term but apparently did not resentence defendant and state on the record the full sentence to be imposed.  Rather, the court stated:  "His total aggregate term would be 25 years to life.  And we can set it for a resentencing hearing, but the sentence was otherwise, illegal."  It

10

proceeded to say there "can" be a section 654 stay as to counts 1 and 2, but noted a problem with the sentence on count 4: "…because it's the three-strikes disposition, 1170.12 (A)(7) says if there is one more than one serious or violent offense, in the current sentencing regime, they shall all run consecutively, which means that Count 4 should have run consecutively of 25 years to life. [¶] *I'm just letting you all know that that is an issue.* I'm assuming you wish to set it for a further resentencing for a future date?" (Italics added.)

At the further resentencing hearing on September 24, 2024, the court said it was going to resentence defendant pursuant to section 1172.75 and stated, "…the bad is outweighing the good, which is why I'm sentencing you to the 25 years to life." The court denied defendant's *Romero* motion without prejudice and stated, "[Y]our sentence is going to remain as previously imposed."

In other words, at the January 22, 2024 hearing, the court said that section 654 could be applied to counts 1 and 2, identified a problem with the sentence on count 4, and asked the parties if they wanted to set the matter for a resentencing hearing in the future. At the further hearing on September 24, 2024, the court simply said it was resentencing defendant to "the 25 years to life" and "[Y]our sentence is going to remain as previously imposed." However, since the court recalled defendant's sentence under section 1172.75, it effectively vacated his original sentence and thus should have orally pronounced all components of the sentence on the record at the resentencing hearing. (*Rogers*, *supra*, 108

11

Cal.App.5th at p. 360; *Karaman*, *supra*, 4 Cal.4th 335, 344, fn. 9; Cal. Rules of Court, rule 4.433(c)(5).)  The record indicates it did not do so.

We further note the People have now identified an additional issue—that the sentence on count 2 (burglary) was unauthorized, in that the trial court originally imposed a concurrent life term on it, but should have imposed a determinate term instead, since second degree burglary is not classified as a serious or violent felony.  "It is well established that when the trial court pronounces a sentence which is unauthorized by the Penal Code that sentence must be vacated and a proper sentence imposed whenever the mistake is appropriately brought to the attention of the trial court or the reviewing court. When the mistake is discovered while the defendant's appeal is pending, the appellate court should remand the case for a proper sentence." (*People v. Benton* (1979) 100 Cal.App.3d 92, 102.)  Assuming the People's assertion is correct, the matter should be remanded for a proper sentence on count 2.  (*Ibid*.)

Therefore, in order to effectuate a legally authorized sentence, we will remand the matter and direct the trial court to resentence defendant pursuant to section 1172.75 and orally pronounce judgment on counts 1, 2, and 4.  We note that on remand, the court need not reconsider defendant's *Romero* motion, since defendant has not challenged the court's denial of that motion.

II.  The Trial Court Should Recalculate Defendant's Custody Credits

Defendant contends the trial court failed to recalculate his custody credits at the September 24, 2024, resentencing hearing or issue a new abstract of judgment.

The People concede that defendant's custody credits should be recalculated, but contend that this court should modify the January 22, 2024, judgment, since it modified defendant's sentence at that hearing by striking his prison prior and resentencing him, without updating his custody credits. We conclude the trial court should recalculate defendant's custody credits on remand.

As defendant asserts, at the resentencing hearing held on September 24, 2024, the court failed to recalculate his custody credits or issue an amended abstract of judgment. The last time the court updated his custody credits was when it issued an amended abstract of judgment, awarding custody credits of 1,166 days (1,097 actual days plus 69 days of conduct credits), as of April 2, 2021. At the most recent resentencing hearing on September 24, 2024, the court failed to recalculate the actual time defendant had served pursuant to the sentence for which he was being resentenced or issue an amended abstract of judgment reflecting those credits. Our Supreme Court determined that when a trial court resentences a defendant on remand, it must credit him with all actual days he spent in custody up to that time, including his time in custody after the original sentencing. (*People v. Buckhalter* (2001) 26 Cal.4th 20, 37 ["the trial court, having modified defendant's sentence on remand, was obliged, in its new abstract of judgment, to credit him with all actual days he had spent in custody."]; see also § 2900.5, subd. (d) [it is the duty of the sentencing court to calculate and award custody credits].)

Therefore, we will direct the trial court to recalculate defendant's custody credits and issue an amended abstract of judgment.

DISPOSITION

The trial court's resentencing order is reversed, and the matter is remanded with directions for the court to resentence defendant pursuant to section 1172.75 without reconsidering defendant's *Romero* motion, to orally pronounce judgment on counts 1, 2, and 4, and to recalculate defendant's custody credits as of the date of the resentencing hearing. The trial court is directed to prepare an amended abstract of judgment to reflect the sentence, the modified credits, and the date of the resentencing hearing, and to forward a copy to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS
J.


We concur:

McKINSTER
Acting P. J.
MENETREZ
J.

14