[Crim. No. 14311. First Dist., Div. Three. Nov. 18, 1975.]

In re STEPHEN R. JUAREZ on Habeas Corpus.

**COUNSEL**

Lawrence R. Horn, under appointment by the Court of Appeal, for Petitioner.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, W. Eric Collins and James D. Hurwitz, Deputy Attorneys General, for Respondent.

**OPINION**

**SCOTT, J.**—Stephen R. Juarez was convicted, after trial by jury, of robbery (Pen. Code, § 211), which was found by the jury to be in the first

degree. In addition, the jury found that Juarez did use a firearm, to wit, a pistol, in the perpetration of the robbery. Juarez's conviction was affirmed on appeal. (Dist. 2, Div. 2, Crim. 23847.)

Juarez, by his petition for habeas corpus, challenges the legality of his detention for the enhanced punishment imposed for using a firearm in the perpetration of the robbery (Pen. Code, § 12022.5), because of the absence of an oral pronouncement by the sentencing judge imposing the enhanced punishment.

■ The issue raised here could have been raised on appeal. Generally, habeas corpus will not lie as a substitute for an appeal or as a second appeal. (*In re Terry* (1971) 4 Cal.3d 911 [95 Cal.Rptr. 31, 484 P.2d 1375]; *In re Antazo* (1970) 3 Cal.3d 100 [89 Cal.Rptr. 255, 473 P.2d 999].) This court may, however, if there are special circumstances, consider on petition for habeas corpus matters that do not require a determination of fact although they could have been raised on appeal. (*In re Wallace* (1970) 3 Cal.3d 289 [90 Cal.Rptr. 176, 475 P.2d 208]; *In re Bushman* (1970) 1 Cal.3d 767 [83 Cal.Rptr. 375, 463 P.2d 727]; *In re Black* (1967) 66 Cal.2d 881 [59 Cal.Rptr. 429, 428 P.2d 293].)

*People* v. *Mesa* (1975) 14 Cal.3d 466 [121 Cal.Rptr. 473, 535 P.2d 337], upon which Juarez principally relies, was decided after the decision on his appeal. Additionally, the Supreme Court has granted a hearing in two cases, *People* v. *Hunt* ■(Cal.App.) and *People* v. *Castellano* ■(Cal.App.), which address themselves to related issues. Under this uncertain state of the law, Juarez can be excused for not having raised in his appeal the issue presented here.

In the case at bench, the record discloses the following exchange at the time of sentencing:

"[THE COURT]: All right, I have read the probation report in the Juarez case. Is there anything you want to say at this time?

"[DEFENDANT'S ATTORNEY]: There is no legal cause why judgment should not now be pronounced. We will waive formal arraignment for judgment. I will submit it on the probation report.

"[THE COURT]: I take it, then, the matter is ready for the Court to pronounce sentence at this time?

"[DEFENDANT'S ATTORNEY]: Yes. I might ask—yes, Your Honor.

"[THE COURT]: We will sentence the defendant to the State Prison for the term prescribed by law."

■ It is apparent that the court not only did not refer to the firearm use finding, it did not even refer to the crime or its degree. The abstract of judgment provides that Juarez be sentenced to state prison for the term prescribed by law, for violation of Penal Code section 211, robbery, which the jury found to be robbery in the first degree, and for using a firearm at the time of the commission of the offense, which allegation the jury found to be true. Juarez does not contend that the sentence is invalid as to the robbery or the degree. He limits himself to the firearm use finding.

Juarez relies on *In re Candelario* (1970) 3 Cal.3d 702 [91 Cal.Rptr. 497, 477 P.2d 729], and *People v. Mesa* (1975) 14 Cal.3d 466 [121 Cal.Rptr. 473, 535 P.2d 337]. In *Candelario,* the court stated: "Reference to the prior conviction must be included in the pronouncement of judgment for if the record is silent in that regard, *in the absence of evidence to the contrary,* it may be inferred that the omission was an act of leniency by the trial court. In such circumstances the silence operates as a finding that the prior conviction was not true." (3 Cal.3d at p. 706, italics added.) In relying on *Candelario,* the *Mesa* court held: "In pronouncing judgment, the trial judge must make it clear the defendant is sentenced as one whose prior conviction has been admitted or found true. The trial judge here having failed to make it clear that he intended to sentence defendant as a prior offender, the reference to two prior robbery convictions is stricken from the abstract of judgment." (14 Cal.3d at p. 472.)

This case differs markedly from *Candelario* and *Mesa* in important particulars.[1] In *Candelario,* upon which *Mesa* relies, the court concluded that from the failure to include the prior convictions in the pronouncement of judgment, it could be inferred that the omission was an act of leniency by the trial court.

---

[1]The Attorney General urges that the trial judge was without authority to decline to sentence Juarez on the jury finding that he did use a firearm. He cites Penal Code section 1181, subdivision 6. We assume here, however, without deciding, that the trial judge is vested with discretion to strike a jury finding that defendant did use a firearm in the commission of the crime without determining that the finding is contrary to law or evidence as required by section 1181, subdivision 6. (See Pen. Code, § 1385; *People v. Burke* (1956) 47 Cal.2d 45 [301 P.2d 241].)

We are concerned here with the enhancement of punishment because of the use of a firearm in the commission of a robbery, not the enhancement of punishment because of the conviction of prior felonies. At first blush, this might appear to be a distinction without a difference. However, an inference of leniency by not sentencing for prior convictions can be a legitimate conclusion from a silent record or a record which is otherwise unclear. Judges can be and often are forgiving for past ill deeds, as *Candelario* and *Mesa* recognize. Here, the firearm use finding by the jury was a part of the current crime of which the defendant stood convicted. It is difficult to conceive of a trial judge, in this age of rising crimes of violence, intending an act of leniency toward a defendant convicted of using a gun in the perpetration of a crime, without specifically so stating on the record. In other words, a silent record would indicate that the trial judge did not intend to dismiss the gun use finding. For us to draw any other conclusion would be unrealistic—if not naive.

Here, the trial judge made no reference even to the crime of which Juarez stood convicted. It would be no more logical to infer that the judge did not intend to invoke Penal Code section 12022.5 than to infer that the judge did not intend to sentence Juarez at all. The reason for the abbreviated sentencing procedure is clear from the record. Counsel for Juarez waived formal arraignment for judgment.

Penal Code section 1200 provides: "When the defendant appears for judgment he must be informed by the court, or by the clerk, under its direction, of the nature of the charge against him and of his plea, and the verdict, if any thereon, and must be asked whether he has any legal cause to show why judgment should not be pronounced against him." It has been traditionally understood that by waiving formal arraignment for judgment, the defendant relieves the court of the requirements of section 1200 and the formalities required in the sentencing procedure.

The practice of individual judges varies when there has been a waiver of arraignment for judgment. Some include all or a portion of the requirements in their oral pronouncements. Others, as in the case at bench, merely recite that the defendant is punished by imprisonment in the state prison for the term prescribed by law or that the defendant is placed on probation subject to various terms and conditions, or such other disposition as is appropriate. That is, of course, the only statement by the judge which is of interest to the defendant. In this time honored procedure, all formality of sentencing, including oral recitation of the

crimes for which a defendant is to be sentenced and including recitation of any enhancement of punishment, is waived. Failure of the court to recite the matters upon which sentence is imposed was solicited by the defendant by his waiver of formal arraignment.[2]

We conclude that an inference of leniency need not and should not be drawn from the trial court's silence regarding the firearm use finding. This conclusion is based upon the distinction between dismissing prior convictions and ignoring gun use findings, and upon the invitation to silence caused by the defendant's waiver of formal arraignment. Juarez's abstract of judgment therefore properly reflects his enhanced sentence resulting from his conviction under Penal Code section 12022.5.

Juarez does not contend that he was improperly sentenced for robbery or that his sentence for first degree robbery is defective. He concedes that the failure of the court to orally declare of what offense he was convicted and sentenced, or its degree, does not affect the validity of the sentence. Were the entire proceedings inadequate, the purported sentencing would be a nullity and resentencing would be appropriate. (See *In re Crow* (1971) 4 Cal.3d 613 [94 Cal.Rptr. 254, 483 P.2d 1206]; *People* v. *Taylor* (1971) 15 Cal.App.3d 349 [93 Cal.Rptr. 257].) Juarez correctly urges that it would be improper to remand the case for resentencing. (See *People* v. *Beagle* (1972) 6 Cal.3d 441 [99 Cal.Rptr. 313, 492 P.2d 1]; *People* v. *Hartsell* (1973) 34 Cal.App.3d 8 [109 Cal.Rptr. 627]; *People* v. *Mason, supra.*)

The order to show cause heretofore issued is discharged, and the petition for writ of habeas corpus is denied.

Draper, P. J., and Brown (H. C.), J., concurred.

---

[2]In *People* v. *Mason* (1973) 34 Cal.App.3d 281, 293 [109 Cal.Rptr. 867], the court interpreted *Candelario* to require that a defendant be informed either by formal arraignment or by the sentencing court's "specific mention" that the sentence imposed has in view the fact of the charged prior conviction. It concluded that the "waiver by defendant of a formal arraignment for judgment cannot be said to apprise the defendant of what might have been recited in the arraignment." Insofar as that conclusion might be said to apply to the facts of this case, where the jury found the defendant guilty of the charged crime, and to have used a firearm, we do not agree with the conclusion of *Mason.* Juarez was apprised of what might have been recited in the arraignment by the fact of the jury's findings and the trial court's failure to mention any intention to be lenient.