*699
 
 Opinion
 

 FRANSON, J.
 

 Appellant stands convicted following a trial by jury of two counts of assault with a deadly weapon on separate victims. The jury further found that appellant used a firearm in the commission of the assaults.
 

 At sentencing, appellant waived formal arraignment for judgment. He was sentenced to state prison on each count, the sentences to run concurrently.
 

 The facts upon which the convictions rest are as follows: On October 17, 1975, appellant entered the Whitesbridge Bar in Fresno County shortly after 9 p.m. He stayed there a couple of hours and had several drinks. During the evening he was joined at the bar by Sherman Hall. Appellant and Hall engaged in conversation for 45 minutes or an hour at which time Hall spilled his drink on appellant.
 

 Appellant left the bar. He went out to the car and got his gun (a .380 automatic) and ammunition clip which were lying on the front seat. He . then reentered the bar and shot Hall once in the abdomen.
 

 The bullet passed through Hall and hit Earl Ratchford, who was seated at the bar.
 

 Appellant left the bar, got into his car and drove to his sister’s house. A few minutes later the police arrived and placed appellant under arrest.
 

 Discussion
 

 Appellant first contends that his concurrent sentences for the separate assaults constitute multiple punishment for a single criminal act in violation of Penal Code section 654. The contention is without merit. .
 

 The proscription of section 654 is not applicable where “ ‘one act has two results each of which is an act of violence against the person of a separate individual.’ ”
 
 (Neal
 
 v.
 
 State of California
 
 (1960) 55 Cal.2d 11, 20-21 [9 Cal.Rptr. 607, 357 P.2d 839]; see also
 
 People
 
 v.
 
 Beamon
 
 (1973) 8 Cal.3d 625, 638, fn. 10 [105 Cal.Rptr. 681, 504 P.2d 905].) Here, appellant’s single act resulted in violence against two individuals; hence, he was properly sentenced on both convictions of assault with a deadly weapon.
 

 
 *700
 
 Appellant next makes three contentions concerning errors by the trial court in the sentencing process: first, the judge made no formal denial of probation nor stated any reason for the denial of probation; second, the judge failed to make it clear at sentencing that appellant was to serve his sentences concurrently rather than consecutively; and third, the judge failed to make reference to the jury’s finding that appellant used a firearm in the commission of the offenses as provided in Penal Code section 12022.5; therefore, the reference to section 12022.5 in the abstract of judgment must be stricken as clerical error.
 

 Appellant’s first contention that the trial court prejudicially erred in not stating its reasons for the denial of probation is answered by
 
 People
 
 v.
 
 Edwards
 
 (1976) 18 Cal.3d 796 [135 Cal.Rptr. 411, 557 P.2d 995], where it is held that a statement of reasons by the sentencing judge for denying probation is neither constitutionally required nor required as a matter of judicial policy. (18 Cal.3d at p. 799.) The Supreme Court pointed out that the record on appeal affords a reviewing court an adequate basis for determining the merits of a claim that an order denying a recommendation of probation constitutes a prejudicial abuse of judicial discretion. (18 Cal.3d at pp. 803-805.)
 

 Here, the trial court declared that it had read and considered the probation report. Defense counsel urged commitment to a diagnostic facility for treatment under Penal Code section 1203.03; however, the trial court sentenced appellant to state prison for the term prescribed by law under Penal Code section 1168, subdivision (a). Thus, the record shows a reasonable exercise of discretion by the trial court.
 

 Appellant’s second contention that prejudicial error was committed by the trial court in failing to state whether appellant’s sentences were to run concurrently or consecutively is similarly without merit. Although the trial court should have specified the concurrent sentence at the oral pronouncement of judgment, the failure to do so means that the term of imprisonment on the two sentences shall run concurrently (Pen. Code, § 669). Having received the most lenient sentence, appellant has not been harmed by the error.
 
 (People
 
 v.
 
 Watson
 
 (1956) 46 Cal.2d 818, 836 [299 P.2d 243].)
 

 The third prejudicial sentencing error asserted by appellant is the trial court’s failure to mention at the oral pronouncement of judgment
 
 *701
 
 the punishment enhancement provisions of Penal Code section 12022.5.
 
 [1]
 
 He argues from this omission that an inference of leniency should be drawn to the end that the reference in the abstract of judgment to the jury’s finding of the use of a firearm pursuant to section 12022.5 must be stricken.
 
 [2]
 
 For the reasons to be explained, we,reject appellant’s argument that this court should order the firearm use finding stricken from the abstract of judgment; however, we hold that the failure to mention the finding at the oral pronouncement of judgment and to dispose of the finding either by orally sentencing appellant under section 12022.5 or by striking the finding as authorized by Penal Code section 1385,
 
 [3]
 
 constitutes prejudicial error requiring a remand for resentencing.
 

 Penal Code section 1200 provides: “When the defendant appears for judgment he
 
 must
 
 be informed by the Court, ... of the nature of the charge against him and of his plea, and the verdict, if any thereon, and must be asked whether he has any legal cause to show why judgment should not be pronounced against him.” (Italics added.) Furthermore, the trial court must orally articulate the sentence to be imposed.
 
 (In re Candelario
 
 (1970) 3 Cal.3d 702, 706 [91 Cal.Rptr. 497, 477 P.2d 729];
 
 People
 
 v.
 
 Mason
 
 (1973) 34 Cal.App.3d 281, 293 [109 Cal.Rptr. 867];
 
 People
 
 v.
 
 Hartsell
 
 (1973) 34 Cal.App.3d 8, 14 [109 Cal.Rptr. 627].) As stated in
 
 People
 
 v.
 
 Hartsell, supra,
 
 “Judgment must be pronounced orally in the presence of the defendant, and it must reflect the court’s determination of the matter before it. [Citation.] The pronouncement of judgment is a judicial act [citation], and is to be distinguished from the ministerial act of entering the judgment as pronounced in the minutes or records of the court [citation].” (34 Cal.App.3d at p. 13; see also Los Angeles Superior Court Judges’ Benchbook, ch. 10, p. 452, providing that the judge must specifically recite whether the defendant was armed or suffered a prior conviction.)
 

 
 *702
 
 The American Bar Association Minimum Standards for Criminal Justice relating to sentencing alternatives and procedures also provide that when sentence is imposed, the court “ . . . should make specific findings on all controverted issues of fact which are deemed relevant to the sentencing decision . . . [and]
 
 should state with care the precise terms of the sentence which is imposed ”
 
 (Italics added.) (Sentencing Alternatives and Procedures (Approved draft 1971) pt. II, § 5.6, subds. (i) and IV.) California courts are in harmony with the ABA standards for criminal justice, particularly where an aggravated penalty is imposed.
 
 (People
 
 v.
 
 Mesa
 
 (1975) 14 Cal.3d 466 [121 Cal.Rptr. 473, 535 P.2d 337];
 
 In re Candelario, supra,
 
 3 Cal.3d 702;
 
 In re Van Heflin
 
 (1976) 58 Cal.App.3d 131 [128 Cal.Rptr. 257];
 
 People
 
 v.
 
 Mason, supra,
 
 34 Cal.App.3d at p. 293;
 
 People
 
 v.
 
 Hartsell, supra,
 
 34 Cal.App.3d 8.)
 

 The Attorney General argues, however, that by expressly waiving formal arraignment for judgment, the trial court was relieved of the duty of orally pronouncing judgment including the enhancement of sentence pursuant to section 12022.5. We disagree.
 

 In the absence of a waiver, the historical statement of facts included in a formal “arraignment" for judgment is made mandatory on the trial court as a preliminary step to pronouncing sentence. (Pen. Code, § 1200;
 
 In re Basuino
 
 (1943) 22 Cal.2d 247, 250 [138 P.2d 297].) However, such a preliminary statement constitutes no part of the judgment itself.
 
 (In re Basuino, supra, 22
 
 Cal.2d at pp. 250-251;
 
 People
 
 v.
 
 Murback
 
 (1883) 64 Cal. 369, 372 [30 P. 608];
 
 Matter of Edward Ring
 
 (1865) 28 Cal. 247, 252-253.) Therefore, it logically and necessarily follows that a waiver of the arraignment for judgment does not obviate or lessen the trial court’s duty to orally pronounce the judgment and impose sentence in the presence of the defendant. Our conclusion accords with the ABA standards for criminal justice by enabling the defendant to know with certainty from the lips of the sentencing judge exactly what his sentence is to be.
 
 [4]
 

 
 *703
 
 Also, contrary to the Attorney General’s position, the failure to mention the additional sentence under section 12022.5 is not remedied by the clerk’s inclusion of the additional punishment for the firearm use in the abstract of judgment. The abstract of judgment is not the judgment of conviction; it merely digests or summarizes the judgment.
 
 (People
 
 v.
 
 Hartsell, supra,
 
 34 Cal.App.3d. at p. 14.) “By its very nature, definition and terms (see Pen. Code, § 1213.5) [the abstract of judgment] cannot add to or modify the judgment which it purports to digest or summarize.”
 
 (People
 
 v.
 
 Hartsell, supra,
 
 34 Cal.App.3d at p. 14.)
 

 Appellant on the other hand would have this court strike the reference in the abstract of judgment to section 12022.5 on the theory that its omission from the oral pronouncement of judgment raises an inference of leniency; therefore, its inclusion in the abstract was the result of mere “clerical” error, citing
 
 People
 
 v.
 
 Mesa
 
 (1975) 14 Cal.3d 466, 471-472 [121 Cal.Rptr. 473, 535 P.2d 337] and
 
 In re Candelario, supra,
 
 3 Cal.3d 702. However, in
 
 Mesa
 
 and
 
 Candelario,
 
 the court was concerned with prior convictions which had been admitted by the defendant rather than the enhancement of punishment for the current assaultive crime for which the defendant had been convicted by the jury. (See
 
 In re Juarez, supra,
 
 53 Cal.App.3d at p. 68.) In the face
 
 of
 
 the jury’s express finding pursuant to instructions from the trial court (CALJIC No. 17.19) that appellant had used a firearm in the commission of the offenses, we do not believe a reasonable inference can be made that the trial court intended an act of leniency when it failed to mention section 12022.5 at the time of sentencing. Rather, a more logical explanation is that the omission was simply the result of judicial oversight. Furthermore, in the present case the trial judge affixed his signature to the abstract of judgment which included the reference to section 12022.5. Such an act negates any implication of leniency insofar as section 12022.5 is concerned.
 

 We believe that the best approach and one in keeping with the ABA standards for the administration of criminal justice is to remove any possible uncertainty caused by the trial court’s failure to mention section 12022.5 at the oral pronouncement of judgment by remanding the matter for resentencing. By this procedure, we will end with finality any speculation whether the trial court intended to impose the additional punishment provided by section 12022.5
 

 With respect to the sentencing on remand, we point out that appellant’s sentences on the two counts of assault with a deadly weapon can be enhanced only
 
 once
 
 under section 12022.5 since there was only
 
 *704
 
 one use of a firearm by appellant.
 
 (In re Culbreth
 
 (1976) 17 Cal.3d 330 [130 Cal.Rptr. 719, 551 P.2d 23],
 
 People
 
 v.
 
 Bush
 
 (1975) 50 Cal.App.3d 168, 178 [123 Cal.Rptr. 576].) Accordingly, if the trial court on remand sentences appellant under section 12022.5, the oral pronouncement of judgment should reflect but a single “use” augmentation under section 12022.5.
 

 Appellant’s last contention is that the prosecution improperly brought to the jury’s attention the invocation of his
 
 Miranda
 
 rights. He argues that this constituted
 
 Griffin
 
 error
 
 (Griffin
 
 v.
 
 California
 
 (1965) 380 U.S. 609 [14 L.Ed.2d 106, 85 S.Ct. 1229]), because the prosecutor through his examination of Officer Cantrell informed the jury that appellant wanted an attorney present at any interrogation and was reluctant to make any statement. Appellant also contends that no proper
 
 Miranda
 
 waiver was obtained by the officer prior to interrogation.
 

 Appellant’s trial counsel made no objection or motion to strike the officer’s testimony regarding appellant’s request for an attorney during interrogation. Appellant’s counsel only stated that he questioned the “effectiveness of the
 
 Miranda
 
 warning” that was given to his client.
 

 The officer testified that the
 
 Miranda
 
 warning was given to appellant. When the officer asked appellant if he would consent to talk to him, appellant replied that he would rather see his attorney. However, when the officer continued to talk to him, appellant said he would talk to the officer “off the record.” Appellant’s statements which followed were not admitted into evidence through the officer’s testimony. Appellant subsequently testified and admitted the shooting.
 

 In view of the fact that appellant’s out of court statements were not admitted into evidence, a trial objection to the adequacies of the
 
 Miranda
 
 warning or to the waiver of the right to remain silent would have been meaningless. Thus, no issue is presented on appeal.
 

 The record also fails to show any objection to the officer’s statement that appellant requested his attorney be present during the interrogation; appellant made no motion to strike the testimony nor any request that the jury be admonished; therefore, he is precluded from urging the error on appeal.
 
 (People
 
 v.
 
 Thompson
 
 (1972) 25 Cal.App.3d 132, 144 [101 Cal.Rptr. 683].)
 

 
 *705
 
 Finally, assuming that the evidence of appellant’s request for an attorney was admitted in error, such error was harmless beyond a reasonable doubt
 
 (Chapman
 
 v.
 
 California
 
 (1967) 386 U.S. 18 [17 L.Ed.2d 705, 87 S.Ct. 824, 24 A.L.R.3d 1065]) in light of appellant’s own admission of the shooting. Moreover, the prosecutor made no effort to exploit the statement so as to bring this case within the ambit of
 
 People
 
 v.
 
 Andrews
 
 (1970) 14 Cal.App.3d 40 [92 Cal.Rptr. 49],
 

 The judgment is reversed and the matter is remanded to the trial court for resentencing in accord with the views expressed in this opinion.
 

 Brown (G. A.), P. J., and Hopper, J., concurred.
 

 Appellant’s petition for a hearing by the Supreme Court was denied September 15, 1977.
 

 [1]
 

 At appellant's sentencing, after defense counsel waived formal arraignment for judgment and stated there was no “legal cause’’ why judgment should not be pronounced, the court simply stated, “The defendant is sentenced to the state prison for the term prescribed by law . . . .”
 

 [2]
 

 The abstract of judgment provides “Defendant used a firearm in his commission of the offense[s] within the meaning of. . . [section] 12022.5 of the Penal Code.. . .”
 

 [3]
 

 Penal Code section 1385 provides in pertinent part “The court may. [on] its own motion .... and in furtherance of justice, order an action to be dismissed. The reasons of the dismissal must be set forth in an order entered upon the minutes. . . .” That this statute authorizes a trial court in the exercise of its sentencing discretion to strike a jury finding that defendant used a firearm in the commission of the offense, see
 
 People
 
 v.
 
 Frost
 
 (1977) 69 Cal.App.3d 639 [138 Cal.Rptr. 212];
 
 People
 
 v.
 
 Dorsey
 
 (1972) 28 Cal.App.3d 15, 18 [104 Cal.Rptr. 326]. See also amended section 12022.5 effective July 1. 1977, which provides “if the court determines that there are circumstances in mitigation of the punishment prescribed, the court may strike the additional punishment, provided that reasons therefor are stated on the record.”
 

 [4]
 

 We disagree with the following statement in
 
 In re Juarez
 
 (1975) 53 Cal.App.3d 64, 68-69 [125 Cal.Rptr. 532]; “It has been traditionally understood that by waiving formal arraignment for judgment, the defendant relieves the court of the requirements of section 1200 and the formalities required in the sentencing procedure .... In this time honored procedure, all formality of sentencing, including oral recitation of the crimes for which a defendant is to be sentenced and including recitation of any enhancement of punishment, is waived. Failure of the court to recite the matters upon which sentence is imposed was solicitated by the defendant by his waiver of formal arraignment.” Manifestly, this statement, which is unsupported by any citation of authority, fails to distinguish the arraignment for judgment from the judgment itself.