Filed 10/21/13  P. v. Hancok CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C071316 |
| Plaintiff and Respondent, | (Super. Ct. No. LF013005A) |
| v. | |
| ANTHONY SCOTT HANCOCK, | |
| Defendant and Appellant. | |

Defendant Anthony Scott Hancock pleaded no contest to attempted murder (Pen. Code, §§ 187, subd. (a), 664),[1] second degree robbery (§§ 211, 212.5, subd. (c)), and misdemeanor street terrorism (§ 186.22, subd. (a)).  He admitted allegations that he personally inflicted great bodily injury (§ 12022.7) and personally used a deadly or

---

[1] Undesignated statutory references are to the Penal Code.

1

dangerous weapon (§ 12022, subd. (b)(1)) in the commission of the attempted murder.[2] Defendant was sentenced to prison for 14 years, consisting of nine years for attempted murder, one year for robbery, three years for infliction of great bodily injury, and one year for weapon use. A concurrent jail term of one year was imposed for street terrorism.

Defendant was orally ordered to pay "$634 in fines, total amount of fines." The clerk's minutes indicate that the $634 "total fine" consists, in part, of a $38 "Law Enforcement Fine" and a "$192 fine as to count 3," the second degree robbery.

On appeal, defendant contends the trial court erred by imposing, or allowing its clerk to impose, a " 'Law Enforcement Fine' " and a " 'fine as to count 3' " that "lack any authority" and must be stricken. We remand for further proceedings.

## FACTS

The facts of defendant's offenses are not at issue and need not be set forth in this opinion.

## PROCEDURAL BACKGROUND

When the trial court imposed sentence, this exchange occurred:

"[THE COURT:] The fines as to each -- again, I'm going to ask my clerk have you added them up?

"THE CLERK: $634.

"THE COURT: $634 in fines, total amount of fines; and that can be collected through state prison, I guess.

"THE CLERK: CDC.

"THE COURT: CDC. [¶] In addition, there's going to be a parole revocation fine that's going to be different.

---

[2] The Attorney General's brief states defendant admitted three enhancements, including a street terrorism enhancement, on count 1. This is not correct. The clerk's minutes indicate the street terrorism enhancement was stricken.

2

"THE CLERK: $240 which matches the restitution fine of $240.

"THE COURT: $240 restitution fine is going to be stayed, meaning you don't have to pay it and it will be stayed permanently if you don't violate your parole."

The clerk's minutes indicate the $634 "total fine" consists of a $240 restitution fine (Pen. Code, § 1202.4, subd. (b)), a $24 collection surcharge (Pen. Code, § 1202.4, subd. (*l*)), an $80 court operations fee (Pen. Code, § 1465.8, subd. (a)(1)), a $38 "Law Enforcement Fine," a "$192 fine as to count 3," and a $60 court facilities assessment (Gov. Code, § 70373). As the trial court indicated, the stayed parole revocation restitution fine is not a part of the $634 total.

The original abstract of judgment lists the "$192 as to count 3" but does not list the $38 law enforcement fine. The amended abstract filed June 11, 2012, similarly omits the law enforcement fine. The amended abstract does not indicate, in part 4, whether defendant is sentenced to county jail or prison.

## DISCUSSION

Defendant contends the two unauthorized fines must be stricken because they are not authorized by statute and the "cost of transporting [him] back to the trial court for a proper sentencing far outweighs the $230 at issue here."

The Attorney General counters that defendant has forfeited his contention by failing to assert it at sentencing. (Citing, e.g., *People v. Tillman* (2000) 22 Cal.4th 300, 302 (*Tillman*).) Alternatively, she contends the matter must be remanded to the trial court with directions to set forth the statutory bases of the disputed fines.

Defendant replies that his contention is reviewable because it falls within an exception to *Tillman* for fines that are unauthorized by statute and thus exceed the court's jurisdiction. (*People v. Smith* (2001) 24 Cal.4th 849, 851-852.) We agree with defendant on this point. The trial court has *no* discretion to impose a fine that is unauthorized by statute. Thus, this court is entitled to consider for the first time on appeal defendant's

3

argument that the $38 "law enforcement fine" and the "$192 fine as to count 3" are not supported by statutory authority.

The Attorney General concedes that if her forfeiture argument is not successful, the case must be remanded to the trial court so that it may separately pronounce, with the statutory basis, all fines, fees, and penalties imposed on each count. We agree.

A trial court is required to pronounce a felony sentence orally in the defendant's presence. (§ 1193, subd. (a); *People v. Prater* (1977) 71 Cal.App.3d 695, 702.) The statute makes no exception for cases, such as this one, in which the proper procedure arguably is uneconomical. *People v. Zackery* (2007) 147 Cal.App.4th 380, cited by defendant, is distinguishable because it involved fines and fees that, although included in the minutes and abstract of judgment, had never been orally pronounced by the court. (*Id.* at p. 387.) Here, the court orally pronounced the disputed fines, thus reflecting a judicial determination that they should be imposed, but it never indicated their statutory bases.

On remand, the trial court shall determine whether the $38 law enforcement fine and $192 fine on count 3 are authorized by statute. If the court determines the fines are authorized, it shall orally pronounce all the fines and their statutory bases in the presence of defendant. Following the oral pronouncement, the trial court shall prepare an amended abstract of judgment that sets forth, with their statutory bases, all fines and fees imposed upon defendant. (*People v. High* (2004) 119 Cal.App.4th 1192, 1200.)

## DISPOSITION

The $38 law enforcement fine and $192 fine as to count 3 are vacated. In all other respects, the judgment is affirmed. On remand, the trial court is directed to reimpose the vacated fines in the presence of defendant to the extent authorized by statute. The court shall prepare an amended abstract of judgment that separately lists the amounts and statutory bases of all fines, fees, and penalties on each count and that properly reflects a

4

prison commitment.  The court is further directed to forward a certified copy of the amended abstract to the Department of Corrections and Rehabilitation.


                                                    _____RAYE_____, P. J.


We concur:


_____BLEASE_____, J.


_____NICHOLSON_____, J.