Filed 2/6/15  P. v. Sprague CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C070565 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 10F4280, 10F4962, 10F8118) |
| v. | |
| STEPHEN LEE SPRAGUE, Jr., | |
| Defendant and Appellant. | |

Defendant Stephen Lee Sprague, Jr., pleaded guilty in case No. 10F4280 to three counts of residential burglary; in case No. 10F4962 to one count of receiving stolen property; and in case No. 10F8118 to one count of residential burglary and two counts of receiving stolen property.  The trial court sentenced defendant in these three cases to a total aggregate term of nine years four months.  Defendant contends that the abstract of judgment reflects crime prevention fines not orally imposed by the trial court and asks us to strike these fines.

1

We agree with defendant. Accordingly, we order deletion of the fines, correction of the minute order and abstract, and otherwise affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

The minute order of sentencing and the abstract of judgment both state that the court ordered defendant to pay crime prevention fines pursuant to Penal Code section 1202.5[1] and the applicable penalty assessments for a total of $38 in case No. 10F8118, and $114 in case No. 10F4280.

The trial court did not orally impose these fines at sentencing. During the sentencing proceeding, the trial court asked defense counsel whether it was necessary to read all of the recommendations listed in the probation officer's report or whether it could just refer to the recommendations by number. Defense counsel replied, "It's fine with the defense if you refer to them by the numbers or just adopt them. We don't need a full reading, your Honor." However, the trial court never referred to the recommendations concerning the section 1202.5 fines or otherwise expressly indicated it was adopting any group of recommendations that would include the recommendations concerning those fines. At the end of the sentencing hearing, the trial court asked if there was anything further. The prosecution never pointed out the court's failure to reference any of the fine recommendations; nor did the prosecution object to the failure to impose those fines.

## DISCUSSION

Defendant asks that we strike the section 1202.5 crime prevention fines from the abstract of judgment.[2] His argument has merit.

---

[1] Undesignated statutory references are to the Penal Code in effect at the time of the charged offenses.

[2] The court did not expressly reference any fine recommendations in the probation officer's report. Defendant, however, says he is not challenging the imposition of the mandatory fines and fees.

A court is required to pronounce sentence orally in the defendant's presence. (§ 1193; *People v. Prater* (1977) 71 Cal.App.3d 695, 702.) Defendant is correct that because the sentencing judge did not orally impose the fines, they should not have been included in the minutes of the sentencing proceeding or the abstract of judgment. Where there is a discrepancy between the oral pronouncement of judgment and the minute order or abstract of judgment, the oral pronouncement controls. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185-186.) A minute order or abstract of judgment that does not accurately reflect the oral judgment of the trial court may be corrected on appeal (*id*. at p. 185) and we shall direct the trial court to correct the minute order and abstract of judgment by deleting the section 1202.5 fines.[3]

The People concede that the trial court did not impose the fines at sentencing. They nonetheless ask that we remand the matter so that the trial court may indicate whether it intended, as the abstract of judgment states, that these fines be imposed pursuant to section 1202.5. Section 1202.5, subdivision (a), provides: "In any case in which a defendant is convicted of any of the offenses enumerated in Section…459…, the court shall order the defendant to pay a fine of ten dollars ($10) in addition to any other penalty or fine imposed. *If the court determines that the defendant has the ability to pay all or part of the fine, the court shall set the amount to be reimbursed* and order the defendant to pay that sum to the county in the manner in which the court believes reasonable and compatible with the defendant's financial ability. *In making a determination of whether a defendant has the ability to pay*, the court shall take into account the amount of any other fine imposed upon the defendant and any amount the defendant has been ordered to pay in restitution." (Italics added.)

---

[3] In light of this conclusion, we need not address defendant's alternate contention that the abstract of judgment should be amended to reflect the statutory bases for each assessment and penalty component of the fines.

As we have noted, the People did not object in the trial court to the court's failure to impose section 1202.5 fines. Nor did they appeal the trial court's sentencing choice. Defendant contends that the People have thus forfeited any error, and we agree.

The trial court was required to impose the crime prevention fines[4] upon a determination of the ability to pay all or part of the fine and had discretion under section 1202.5, subdivision (a), to impose a fine of less than the statutorily prescribed amount based on a determination that the defendant did not have the ability to pay the full amount of the fine. The court's failure to make any mention of a section 1202.5 fine at sentencing, then, involves a discretionary sentencing choice, which was therefore forfeited by the People's failure to object in the trial court. (*People v. Tillman* (2000) 22 Cal.4th 300, 303; see *People v. Walz* (2008) 160 Cal.App.4th 1364, 1369-1371.)

---

[4] As this court has previously held, the crime prevention fine can only be imposed once in any case. (*People v. Crittle* (2007) 154 Cal.App.4th 368, 371; accord, *People v. Sweeney* (2014) 228 Cal.App.4th 142, 155.) Although defendant was convicted of multiple section 1202.5 offenses in case No. 10F8118, only one fine (plus the penalty assessments for that fine - total $38) could be imposed in that case.

## DISPOSITION

The trial court shall correct the minute order and abstract of judgment to strike the $38 and $114 crime prevention fines imposed pursuant to section 1202.5. Thereafter, the court shall forward a certified copy of the corrected abstract of judgment to the California Department of Corrections and Rehabilitation.

                                        MURRAY          , J.


We concur:


       RAYE          , P. J.


       MAURO          , J.