Filed 6/15/16  P. v. Sanchez CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>   Plaintiff and Respondent,<br><br>   v.<br><br>EDUARDO RAMON SANCHEZ,<br><br>   Defendant and Appellant. | F070853<br><br>(Super. Ct. No. F12904103)<br><br>**OPINION** |

-ooOoo-

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Wayne R. Ellison, Judge.

James Bisnow, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Gomes, Acting P.J., Detjen, J. and Peña, J.

## INTRODUCTION

Pursuant to a plea agreement, appellant Eduardo Ramon Sanchez pled guilty to numerous offenses including assault with a firearm, resisting an executive officer with the use of a firearm, possession of a firearm by a felon, and driving and unlawfully taking a vehicle. As a part of the plea agreement, Sanchez agreed to a stipulated sentence of 28 years and eight months in prison. Sanchez was sentenced on January 14, 2015. Sanchez appealed and did not seek a certificate of probable cause. Appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436. We affirm the convictions and remand for resentencing.

## FACTUAL AND PROCEDURAL SUMMARY

On June 3, 2013, Sanchez was charged with attempted murder of a peace officer engaged in the performance of his duties, a violation of Penal Code[1] sections 187, subdivision (a) and 664; assault with a firearm upon a peace officer, in violation of section 245, subdivision (d)(1); resisting a peace officer, in violation of section 69; receiving stolen property, a violation of section 496d, subdivision (a); being a felon in possession of a firearm, a violation of section 29800, subdivision (a)(1); and unlawfully taking and driving a vehicle, in violation of Vehicle Code section 10851, subdivision (a).

The information also alleged that with respect to the attempted murder and assault charges, Sanchez personally used and intentionally discharged a firearm in violation of section 12022.53, subdivision (c); in the commission of the section 69 offense, he personally used a firearm in violation of section 12022.5, subdivision (a). It also was alleged that Sanchez had served a prior prison term, in violation of section 667.5, subdivision (b).

Sanchez pled not guilty as to all counts and denied all enhancements, including the prior prison term allegation. The public defender represented Sanchez. At the

---

**1**    References to code sections are to the Penal Code unless otherwise specified.

preliminary hearing, the public defender opined that Sanchez was facing a possible prison sentence of 32 years to life if convicted.

Thereafter, on May 24, 2013, Sanchez brought a motion pursuant to *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*) for substitution of counsel. The trial court held a *Marsden* hearing to address Sanchez's concerns. Ultimately, the trial court denied the motion.

Sanchez brought a second *Marsden* motion on January 23, 2014. Once again, the trial court held a *Marsden* hearing to address Sanchez's concerns. The second *Marsden* motion also was denied.

On September 25, 2014, Sanchez entered into a plea agreement. Pursuant to the plea agreement, Sanchez pled guilty to one count each of violating section 245, subdivision (d)(1); section 69; section 29800, subdivision (a)(1); and Vehicle Code section 10851, subdivision (a). He also admitted one section 12022.53, subdivision (c) enhancement and one section 12022.5, subdivision (a) enhancement. He agreed to a stipulated term of imprisonment of 28 years and eight months and that a factual basis for the plea was contained in the preliminary hearing transcript. In exchange for his plea, the People agreed to dismiss the attempted murder and receiving stolen property charges.

The plea form was signed by Sanchez in open court. The trial court found that Sanchez's plea was made knowingly, intelligently, and voluntarily.

On January 14, 2015, Sanchez was sentenced pursuant to the plea agreement to a total term of 28 years and eight months, comprised of eight years for the assault conviction; a consecutive 20 years for the firearm enhancement appended thereto; and a consecutive eight months for the vehicle theft conviction. The term for the section 69 offense was imposed and stayed pursuant to section 654; a concurrent term was imposed for the section 29800, subdivision (a)(1) offense. Various fines and fees were imposed and credits were awarded.

Sanchez filed a notice of appeal, but did not seek a certificate of probable cause.

3.

## DISCUSSION

Appellate counsel filed a brief pursuant to *People v. Wende*, *supra*, 25 Cal.3d 436 on June 1, 2015. On June 2, 2015, Sanchez was invited to submit supplemental briefing, but did not file a supplemental brief.

Our independent review of the record discloses that at sentencing, the trial court did not address the section 12022.5, subdivision (a) enhancement on count three. The abstract of judgment consequently fails to reflect the admission of and term imposed for that enhancement.

The matter must be remanded for resentencing to allow the trial court to exercise its discretion in imposing a term for the section 12022.5, subdivision (a) enhancement in conformance with the plea agreement. (*People v. Prater* (1977) 71 Cal.App.3d 695, 703, 705.)

## DISPOSITION

The convictions are affirmed. The judgment is vacated and the matter is remanded for resentencing in accordance with the plea agreement.