Filed 12/27/23  P. v. Bondarenko CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>IRINA OLEGOVNA BONDARENKO,<br><br>Defendant and Appellant. | F085837<br><br>(Super. Ct. No. BF184830A)<br><br>**OPINION** |

-ooOoo-

**THE COURT**\*

APPEAL from a judgment of the Superior Court of Kern County.  Brian M. McNamara, Judge.

Aurora Elizabeth Bewicke, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Amanda D. Cary and Ian Whitney, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Smith, Acting P. J., Snauffer, J. and DeSantos, J.

Defendant Irina Olegovna Bondarenko contends on appeal that her sentence must be vacated and the case remanded for resentencing because the trial court erred when it (1) failed to properly apply newly amended Penal Code[1] section 1170, subdivision (b)(6)(B);[2] and (2) did not impose sentences for her misdemeanor convictions (counts 2, 8, 14 & 15). The People argue that the court properly applied section 1170, subdivision (b)(6)(B) but agree that the court erred by failing to impose sentences on defendant's misdemeanor convictions. However, the People contend defendant's case must be remanded only for limited resentencing on the misdemeanor convictions. We agree with the parties that the trial court erred by failing to impose sentences on defendant's misdemeanor convictions at the resentencing hearing. We vacate defendant's sentence and remand for a full resentencing. In all other respects, we affirm.

## PROCEDURAL SUMMARY

This is the second appeal in defendant's case.[3]

In 2021, a jury found defendant guilty of burglary (§ 460, subd. (a); count 1); misdemeanor petty theft (§ 484; count 2);[4] being a felon in possession of a firearm (§ 29800, subd. (a)(1); count 7); misdemeanor possession of heroin (Health & Saf. Code, §11350, subd. (a); count 8); possession of metal knuckles (§ 21810; count 11);

---

[1]    All statutory references are to the Penal Code unless otherwise noted.

[2]     Section 1170, subdivision (b)(6)(B) was amended effective January 1, 2022, by Assembly Bill No. 124 (2021–2022 Reg. Sess.).

[3]    We take judicial notice of the appellate records, briefs, and nonpublished opinion in *People v. Bondarenko* (Sept. 20, 2022, F083651). (Evid. Code, §§ 452, subd. (d), 459, subd. (a); Cal. Rules of Court, rule 8.147.)

[4]    Count 2 was charged in the information as petty theft with a prior theft offense (§ 666, subd. (a)) but was amended to misdemeanor petty theft (§ 484) after trial on stipulation of the parties.

2.

misdemeanor tampering with a vehicle (Veh. Code, §10852; count 14); and misdemeanor possession of drug paraphernalia (Health & Saf. Code, § 11364; count 15).[5]

The trial court also found defendant's prior strike conviction allegation to be true pursuant to section 667, subdivision (a).

The trial court sentenced defendant to a total term of 10 years eight months in prison as follows: on count 1, eight years (the midterm, doubled pursuant to § 667, subd. (e)(1)); on count 7, 16 months (one-third the midterm), consecutive; on count 11, 16 months (one-third the midterm), consecutive; and on each of counts 2, 8, 14, and 15, 180 days, concurrent. Defendant was awarded 517 days of custody credits. The trial court issued a postconviction criminal protective order as to eight named individuals who were witnesses or victims of defendant's offenses. (*Bondarenko*, *supra*, F083651.)

On September 20, 2022, this court vacated defendant's sentence and remanded the matter for resentencing. (*Bondarenko*, *supra*, F083651.)

On March 1, 2023, the resentencing hearing was held. The trial court reimposed the same sentences on the three felony counts (counts 1, 7 & 11). The trial court did not mention defendant's four misdemeanor convictions on counts 2, 8, 14 and 15.

On March 1, 2023, defendant filed a notice of appeal.

## FACTUAL SUMMARY

On January 27, 2021, defendant was removing items from a garage and fled when she was interrupted by a resident. Defendant was 24 years old at the time of the offense.

On March 25, 2021, defendant was opening doors of parked cars and fled when she was interrupted by residents, leaving a wallet and luggage behind. She was detained

---

[5] The following counts in the information were renumbered on the jury verdict forms as follows: count 7 (§ 29800, subd. (a)(1)) was renumbered as count 4; count 8 (Health & Saf. Code, § 11350, subd. (a)) was renumbered as count 5; count 11 (§ 21810) was renumbered as count 6; count 14 (§ 10852) was renumbered as count 7; and count 15 (Health & Saf. Code, § 11364) was renumbered as count 8.

by police and confirmed the items were hers. Inside the wallet and luggage were a gun, heroin, bong, dirty syringe, and metal knuckles. She admitted to police she was aware of them. Defendant was 25 years old when she committed these offenses. (*Bondarenko*, *supra*, F083651.)

## DISCUSSION

Defendant contends her sentence must be vacated and the matter remanded for resentencing because the trial court erred by failing (1) to properly apply section 1170, subdivision (b)(6)(B)); and (2) to provide her with a full resentencing hearing on remand by not imposing sentences for her misdemeanor convictions (counts 2, 8, 14 & 15).[6] We agree that the court erred by failing to apply the full resentencing rule at the resentencing hearing when it did not impose sentences on defendant's misdemeanor convictions at her resentencing hearing and vacate her sentence and remand for full resentencing.

During defendant's resentencing hearing, the trial court reimposed the same sentences on defendant's three felony convictions (counts 1, 7 & 11). However, the court made no mention of defendant's four misdemeanor convictions.

"[W]hen part of a sentence is stricken on review, on remand for resentencing 'a full resentencing as to all counts is appropriate, so the trial court can exercise its sentencing discretion in light of the changed circumstances.' " (*People v. Buycks* (2018) 5 Cal.5th 857, 893, citing *People v. Navarro* (2007) 40 Cal.4th 668, 681.) "[T]he full resentencing rule allows a court to revisit all prior sentencing decisions when resentencing a defendant." (*People v. Valenzuela* (2019) 7 Cal.5th 415, 424–425.) "[W]hen a case is remanded for resentencing after an appeal, the defendant is entitled to 'all the normal rights and procedures available at his original sentencing' [citations], including consideration of any pertinent circumstances which have arisen since the prior

---

**6** For organizational purposes, we first address defendant's contention that the trial court erred by failing to apply the full resentencing rule when it did not impose sentences on her misdemeanor convictions (counts 2, 8, 14 & 15) at resentencing.

4.

sentence was imposed." (*Dix v. Superior Court* (1991) 53 Cal.3d 442, 460.) Accordingly, under the full resentencing rule "[w]hen a case is remanded for resentencing by an appellate court, the trial court is entitled to consider the entire sentencing scheme. Not limited to merely striking illegal portions, the trial court may reconsider all sentencing choices." (*People v. Hill* (1986) 185 Cal.App.3d 831, 834.)

At sentencing, a court must orally impose sentence on all counts for which the defendant was convicted. (See § 12; see also *In re Sandel* (1966) 64 Cal.2d 412, 415 [the trial court has a duty to either impose a sentence or grant probation as to all counts for which a defendant is convicted]; *People v. Prater* (1977) 71 Cal.App.3d 695, 701; *People v. Hartsell* (1973) 34 Cal.App.3d 8, 14.)

Here, the record shows that after discussing the application of section 1170, subdivision (b)(6)(B), and resentencing defendant to the same sentences on the three felony convictions, the trial court failed to mention any of defendant's four misdemeanor convictions. The parties agree this omission was error. Under the full resentencing rule, the trial court was required to conduct a full resentencing as to all counts upon remand and, in doing so, exercise its sentencing discretion in light of any changed circumstances. (*People v. Buycks*, *supra*, 5 Cal.5th at p. 893.)

Because the trial court failed to conduct a full resentencing on remand when it omitted sentences on defendant's four misdemeanor convictions, we conclude that defendant's sentence must be vacated and the matter remanded for the court to conduct a full resentencing hearing.[7]

---

[7]     As we conclude defendant's sentence must be vacated and the matter remanded for full resentencing, we need not address the first issue raised by defendant, that the trial court failed to properly apply section 1170, subdivision (b)(6)(B). Upon remand and resentencing, the court must again resentence defendant in light of amended section 1170, subdivision (b)(6)(B) to determine whether the presumption of the lower term, if it finds defendant's youth was a contributing factor in the commission of the offenses, is outweighed by the aggravating circumstances, such that imposition of the lower term

## DISPOSITION

The sentence is vacated and the matter is remanded for resentencing.  In all other respects, we affirm.

---

would be contrary to the interests of justice.  We do not express any opinion on how the trial court should exercise its discretion.