Filed 3/28/25  P. v. Angel CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C099049 |
| Plaintiff and Respondent, | (Super. Ct. Nos. STK-CR-FE-1997-0005545, SC061252A) |
| v. | |
| GARY GENE ANGEL, | |
| Defendant and Appellant. | |

Defendant Gary Gene Angel appeals a judgment entered following his resentencing pursuant to Penal Code section 1172.75.[1]  He contends that the trial court erred by failing to recall his original sentence and pronounce the individual components of his new sentence as required.  We conclude that Angel forfeited these claims by failing to object below.  We also reject his contention that this failure amounted to prejudicial ineffective assistance of counsel.  We therefore affirm.

---

[1]  Undesignated statutory references are to the Penal Code.

1

BACKGROUND

The People's information charged Angel with first degree murder with a firearm use enhancement (§§ 187, 12022.5, subd. (a); count one); attempted murder with a firearm use enhancement (§§ 664, 187, 12022.5, subd. (a); count two); evading a peace officer in willful or wanton disregard for the safety of persons or property (Veh. Code, § 2800.2; count three); and being a convicted felon in possession of a firearm (former § 12021, subd. (a)(1); count four). The information also alleged that he had suffered three prior prison terms (§ 667.5, subd. (b)) and a prior strike conviction for grand theft (§§ 1170.12, subd. (b), 667, subd. (d)).

The jury found Angel guilty of murder with a firearm enhancement, evading a peace officer with willful or wanton disregard for safety, and being a felon in possession of a firearm. It found him not guilty of attempted murder. A bench trial on the prior conviction allegations was scheduled to take place the next day. The court's specific findings are not part of the record on appeal.

In September 1997, the trial court sentenced Angel to an aggregate prison term of 61 years four months to life comprised of: four years for count three (the middle term doubled); 16 months for count four (one-third the middle term doubled); four years for the firearm enhancement associated with count one; two one-year terms for the prior prison term enhancements; and 50 years to life for count one, the murder with a strike prior. We affirmed the judgment. (*People v. Angel* (Feb. 27, 2001, C027546) [nonpub. opn.].)

In December 2022, the trial court issued an ex parte order noting that the court's records indicated that Angel's judgment included an enhancement under section 667.5, subdivision (b) that was imposed prior to January 1, 2020. Under what is now section 1172.75, sentence enhancements imposed prior to January 1, 2020 pursuant to section 667.5, subdivision (b), except for enhancements imposed for sexually violent offenses, are "legally invalid." (§ 1172.75, subd. (a).) In April 2023, Angel filed a

motion and supporting papers asking the trial court to recall his sentence under section 1172.75, conduct a full resentencing, and strike his prior prison enhancements and his prior strike conviction.

The People filed a written response, agreeing that Angel's two prior prison enhancements should be stricken but arguing that any further reduction of his sentence would endanger public safety and that the trial court should not strike the prior strike. In support of this opposition, the People filed a request for judicial notice of Angel's prison records and a 1997 probation report.

At the section 1172.75 hearing, several of Angel's family members addressed the trial court, attesting to his reformed character and the family's support. Angel also testified concerning his rehabilitative efforts and accomplishments while in custody. Defense counsel argued that Angel was entitled to "a whole new resentencing hearing" and asked the court to strike his prior strike. The court took the matter under submission to review Angel's prison file.

At a subsequent hearing, the trial court dismissed the three prior prison enhancements. The court then explained, "with regard to the Court's review of the entire sentence," that section 1172.75 required it to consider "any other changes in law that reduce the sentences," as well as "post conviction factors, including but not limited to disciplinary, record of rehabilitation, defendant's age, diminished physical condition and how those things may have reduced the risk for future violence, and any evidence that reflects circumstances have changed since the original sentencing that resulted in . . . incarceration no longer being in the interest of justice." The court further noted that section 1385 allows courts to strike enhancements and gives courts "the ability to afford great weight to evidence offered by [a] defendant to prove mitigating circumstances."

The court stated its ruling: "I think Mr. Angel is on the right path, but at this point, I don't find it would be in the interest of justice to—what was the request from the defense was to strike one of the strikes at this point. And so the Court is not going to

3

strike one of the strikes.  [¶]  With regard to the enhancements, they didn't take the sentence over 20 years.  The sentence, had it been just Count One, that was based on the prior strike, that was 50 to life by itself.  [¶]  So with regard to the consideration of the balance of the sentence, the Court is not inclined to modify that.  However, the three [section ]667[.5, subdivision ](b) enhancements that were found true will be dismissed.  [¶] . . . [T]he sentence was only imposed for two of those, but all three will be dismissed from the record.  And that's the Court's ruling."  The minute order from the hearing said: "No modification other than dismissing/striking the invalid enhancements is to be made to this sentence.  [¶] . . . [¶]  Original sentence of 09/08/1997 to remain in full force and effect except as modified herein.  [¶]  Defendant sentenced to a total of 59 years and 4 months to life."

Angel timely appealed, and his appellate counsel successfully obtained an order updating his custody credits through the date of the resentencing hearing.

DISCUSSION

Effective January 1, 2022, Senate Bill No. 483 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 728, § 3) added section 1171.1, later renumbered as section 1172.75, which provides:  "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code is legally invalid."  (§ 1172.75, subd. (a).)  The statute also sets forth a recall and resentencing mechanism for individuals serving prison sentences that include a qualifying section 667.5, subdivision (b) enhancement.  (§ 1172.75, subds. (b)-(e).)  Under that procedure, the Department of Corrections and Rehabilitation notifies the sentencing court that an incarcerated person is serving a sentence that includes a covered section 667.5, subdivision (b) enhancement.  (§ 1172.75, subd. (b).)  Upon receiving the notification, the trial court "shall review the judgment and verify that the current judgment includes a sentencing enhancement

4

described in [section 1172.75, ]subdivision (a). If the court determines that the current judgment includes an enhancement described in [section 1172.75, ]subdivision (a), the court shall recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).)

Angel contends that the trial court in this case erred because it did not formally recall his sentence or pronounce the individual components of his judgment at the resentencing hearing. We conclude that he forfeited these contentions by failing to bring them to the attention of the trial court at resentencing. "As a general rule, only 'claims properly raised and preserved by the parties are reviewable on appeal.' " (*People v. Smith* (2001) 24 Cal.4th 849, 852; accord *People v. Scott* (1994) 9 Cal.4th 331, 353-354.) Our Supreme Court adopted this forfeiture rule " 'to reduce the number of errors committed in the first instance' [citation], and 'the number of costly appeals brought on that basis.' " (*Smith*, at p. 852; accord *People v. Welch* (1993) 5 Cal.4th 228, 235.) In the context of criminal sentencing, this forfeiture rule applies "to claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices" and claims "concerning the manner in which sentence is imposed and the hearing is conducted." (*Scott*, at pp. 353, 352.) Here, Angel challenges the manner in which the trial court imposed and articulated sentence. His failure to assert these claims below therefore forfeits them on appeal. (See *id.* at p. 353.)

Angel argues that this case falls into an exception to the general forfeiture rule for sentences that are unauthorized. A "sentence is generally 'unauthorized' where it could not lawfully be imposed under any circumstance in the particular case," such as a violation of "mandatory provisions governing the length of confinement." (*People v. Scott, supra*, 9 Cal.4th at p. 354; accord *People v. Anderson* (2020) 9 Cal.5th 946, 962.) Angel does not contend that his 59-years-to-life sentence failed to comply with provisions concerning the length of his confinement; rather, his claim is that the trial court imposed a lawful sentence in a procedurally flawed manner. We disagree with Angel's argument that the sentence was unauthorized as a result of the court's failure to

5

pronounce sentence on all counts and enhancements. (See, e.g., *People v. Alford* (2010) 180 Cal.App.4th 1463, 1472 [failure to impose and then stay sentence under § 654 resulted in unauthorized sentence]; *People v. Prater* (1977) 71 Cal.App.3d 695, 703 [failure to pronounce sentence for enhancement not cured by inclusion of sentence in abstract of judgment].) When the trial court announced its ruling, it dismissed the prior prison felony enhancements and declined to strike the strike conviction; it also indicated that it would not otherwise modify Angel's original sentence, and that original sentence addressed the remaining elements of the judgment.

Finally, Angel has not demonstrated that his counsel's failure to object constituted prejudicial ineffective assistance of counsel. "To show ineffective assistance of counsel, defendant has the burden of proving that counsel's representation fell below an objective standard of reasonableness under prevailing professional norms, and that there is a reasonable probability that, but for counsel's unprofessional errors, the result would have been different." (*People v. Kelly* (1992) 1 Cal.4th 495, 519-520.) Angel claims that without a complete, new pronouncement of sentence, the trial court failed to exercise its discretion and fully reconsider his sentence as required under section 1172.75. We disagree because the record demonstrates that the court recognized its obligation under section 1172.75 to review "the entire sentence," applying "any other changes in law that reduce the sentences" and considering the factors identified in the statute. The court also expressly considered Angel's request to strike his prior strike conviction and enhancement. On this record, we do not believe that the court misunderstood its discretion to fully reconsider Angel's sentence. Accordingly, it is not reasonably probable Angel would have received a more favorable outcome had defense counsel pointed out the court's procedural errors in failing to formally recall his sentence and individually pronounce the components thereof.

6

DISPOSITION

The judgment is affirmed.

/s/
FEINBERG, J.

We concur:

/s/
ROBIE, Acting P. J.

/s/
RENNER, J.