Filed 1/9/15  P. v. Carter CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**


| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E059906 |
| v. | (Super.Ct.No. FVA1200113) |
| SYDNEY RAYNARD CARTER, | OPINION |
| Defendant and Appellant. | |


APPEAL from the Superior Court of San Bernardino County.  Dan Detienne, Judge.  Affirmed with directions.

Ellen M. Matsumoto, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Michael Joseph Benke, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Sydney Raynard Carter is serving 21 years and four months in prison as a second-striker after a jury convicted him of several charges relating

1

to his theft of shoes from a store. Defendant challenges one of the one-year prior prison term enhancements because the trial court also imposed a five-year serious felony enhancement, where both priors arose from the same conviction. In addition, defendant argues the minute order and abstract of judgment should be amended to reflect that the sentencing court actually imposed five, not six, one-year prior prison term enhancements, of which we order one to be stricken, for a total of four such enhancements and a prison term of 20 years and four months. As discussed below, the People concede and this court agrees as to both arguments.

### FACTS AND PROCEDURE

On January 19, 2012, defendant placed a pair of athletic shoes into his waistband and left a shoe store without paying for the shoes. The store's intrepid loss prevention officer followed defendant, identified himself, and then struggled and fought with defendant first outside the store, and then into the store parking lot, across the street at a gas station, and finally across another street in the parking lot of a bank. Defendant was apprehended with the help of two bystanders, at which point the loss prevention officer handcuffed appellant and handed him over to police officers. After being handcuffed, defendant dropped a lighter and four small white rocks of what later tested to be cocaine. Defendant gave the arresting officers an incorrect name and birth date.

On March 5, 2012, the People filed an information charging defendant with second-degree robbery (Pen. Code, § 211),[1] petty theft (§ 484, subd. (a)), possession of a

---

[1] All section references are to the Penal Code unless otherwise indicated.

controlled substance (Health & Saf. Code, § 11350, subd. (a)), and giving false information to a police officer (§ 148.9, subd. (a)). The People also alleged defendant had two strike priors under section 1170.12, subdivisions (a)-(d), seven prison term priors under section 667.5, subdivision (b), and two serious felony priors under section 667, subdivision (a).

The People later amended the information to delete one of the prior convictions as both a strike prior and a serious felony prior.

On March 20, 2013, the jury convicted defendant of each of the charges except petty theft.

On March 21, 2013, after a bench trial on the prior conviction allegations, the court struck two of the seven prison term priors, but found true the single remaining strike prior, the five remaining prison priors, and the remaining serious felony prior. The strike prior, the serious felony prior, and one of the prison term priors are all based on a single conviction for robbery on January 13, 1987, in Los Angeles Superior Court case No. A792959.

On October 22, 2013, the court sentenced defendant to a total of 21 years and four months in prison as follows: the high term of five years for the robbery, doubled to ten years for the strike prior, plus eight months for the drug possession, doubled to 16 months for the strike prior, plus 180 days in jail for the misidentification, to be served concurrently, plus one year for each of the five prison priors, plus five years for the serious felony prior.

This appeal followed.

## DISCUSSION

Defendant contends the trial court incorrectly used defendant's 1987 robbery conviction to impose both a five-year prior serious felony enhancement under section 667, subdivision (a), and a one-year prior prison term enhancement under section 667.5, subdivision (b). Therefore, defendant argues, we must strike the one-year prior prison term enhancement based on the 1987 robbery conviction. The People concede the point. That concession is appropriate.

The trial court found true five prior convictions—a robbery conviction on January 13, 1987, plus four other convictions that qualified as prison term priors under section 667.5, subdivision (b). As described above, both the information and the sentencing court used the 1987 robbery conviction in three different ways—as a strike prior, a serious felony prior, and a prison term prior. The trial court should have imposed only four prior prison term enhancements because the court could not use defendant's 1987 robbery conviction to impose both a prior serious felony enhancement and a prior prison term enhancement. (*People v. Jones* (1993) 5 Cal.4th 1142, 1149-1153.) Accordingly, we will direct the trial court to strike the one-year prior prison term enhancement imposed in connection with defendant's 1987 robbery conviction.

In addition, defendant argues, the People concede, and this court agrees, that the minute order and abstract of judgment incorrectly reflect that the sentencing court imposed an additional one-year prior prison term enhancement ("prior # 6"). The record transcript shows the court did not impose this enhancement. The court's oral pronouncement of judgment controls over the minute order and abstract of judgment.

4

(*People v. Mesa* (1975) 14 Cal.3d 466, 471.)  The minute order and abstract of judgment should be amended to show a total of four one-year prior prison term enhancements and a sentence of 20 years, four months.

## DISPOSITION

The matter is remanded to the trial court with directions to strike the one-year prior prison term enhancement based on defendant's 1987 robbery conviction in case No. A792959, and to prepare and forward to the appropriate governmental agencies a corrected abstract of judgment reflecting a total of four one-year prior prison term enhancements and a sentence of 20 years and four months.  The judgment is affirmed in all other respects.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

GAUT
J.[*]

We concur:

RAMIREZ
P. J.

MILLER
J.

---

[*]  Retired Associate Justice of the Court of Appeal, Fourth Appellate District, Division Two, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.