Filed 10/5/21  P. v. Rodriguez CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>                v.<br><br>EDUARDO HERNANDEZ RODRIGUEZ,<br><br>        Defendant and Appellant. | F080438<br><br>(Super. Ct. No. VCF367169)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Kathryn T. Montejano, Judge.

Nicco Capozzi for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Michael A. Canzoneri and George M. Hendrickson, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]        Before Detjen, Acting P.J., Peña, J. and DeSantos, J.

Defendant Eduardo Hernandez Rodriguez was found guilty by jury trial of 12 counts of lewd or lascivious acts upon a child under the age of 14. On appeal, he argues the trial court erred when it sentenced him to an aggravated term and multiple consecutive terms without giving a reason for its sentencing choice. We affirm.

**PROCEDURAL SUMMARY**

On January 28, 2019, the Tulare County District Attorney filed a second amended information charging defendant with 12 counts of lewd or lascivious acts upon a child under the age of 14 years against E.D. (Pen. Code, § 288, subd. (a);[1] counts 1−12) and six counts of lewd or lascivious acts upon a child under the age of 14 against S.C. (§ 288, subd. (a); counts 13−18). The information specially alleged multiple victims (§ 667.61, subds. (b) & (e)) as to all counts and substantial sexual conduct (§ 1203.066, subd. (a)(8)) as to counts 1 through 5, 11, and 13 through 15.

On July 25, 2019, a jury found defendant guilty as charged in counts 1 through 3 and 5 through 12, and guilty of the lesser included offense of attempted lewd act upon a child in count 4. It found him not guilty of counts 13 through 18. It further found true the special allegations of substantial sexual conduct in counts 1 through 5, and multiple victims in count 12.

On October 11, 2019, the trial court struck the multiple victims special allegation and sentenced defendant to an aggregate term of 21 years four months as follows: on count 1, the aggravated term of eight years; on count 2, two years to be served consecutively to count 1; on count 3, two years to be served consecutively to count 2; on count 4, 16 months to be served consecutively to count 3; on count 5, two years to be served consecutively to count 4; on count 6, two years to be served consecutively to count 5; on count 7, six years to be served concurrent to count 1; on count 8, six years to be served concurrently to count 1; on count 9, two years to be served consecutively to

---

[1] All further statutory references are to the Penal Code.

count 6; on count 10, six years to be served concurrently to count 1; on count 11, two years to be served consecutively to count 9; and on count 12, six years to be served concurrently to count 1.

On December 10, 2019, defendant filed a notice of appeal.

## FACTUAL SUMMARY

On January 31, 2018, E.D. and S.C. were at school when they asked to speak to E.D.'s American Sign Language interpreter outside of class and reported that defendant had been molesting them. E.D. was deaf and had an interpreter at school. At the time of this incident E.D. was in eighth grade and was best friends with S.C.

E.D. testified she knew defendant because he was her friend Aida's brother. She said she and S.C. sometimes spent the night at defendant's house and both slept in his bed with him. During these sleepovers, defendant would touch E.D. "everywhere," including her breasts, vagina, buttocks, and stomach. E.D. believed the touching occurred over a period of two to three years, throughout the time she was in fifth, sixth, and seventh grades. S.C. also testified that defendant touched her during the sleepovers. She said it happened at least three different times and it started when she was in fifth grade.

Defendant admitted to one incident of molestation involving E.D. when he was interviewed by law enforcement at his home. He stated he had been drinking when E.D. laid next to him. They began hugging and he got "[the] urge." He admitted he took E.D.'s underwear off and touched her vagina and breasts with his hands and mouth. However, at trial he testified his admission was false and he only said it because he was afraid of the detective.

## DISCUSSION

### I. Sentencing

Defendant asserts the trial court abused its discretion when it imposed the upper term on count 1 and consecutive terms for counts 2, 3, 4, 5, 6, 9, and 11 without providing a statement of reasons for its sentencing choice. The People counter defendant

3.

forfeited his claim by failing to object at the time of sentencing. We agree defendant has forfeited this claim.

The trial court has "broad discretion to decide … whether to run the prison terms on multiple offenses concurrently or consecutively." (*People v. Clancey* (2013) 56 Cal.4th 562, 579.) California Rules of Court, rule 4.425 sets forth factors affecting the decision to impose consecutive rather than concurrent sentences, which include the presence of circumstances in aggravation or mitigation. The trial court must generally state its reasons for choosing to impose consecutive sentences. (Cal. Rules of Court, rule 4.406(b)(5).) Likewise, in imposing an upper term, "[t]he court shall state the reasons for its sentence choice on the record at the time of sentencing." (§ 1170, subd. (c).) However, " 'complaints about the manner in which the trial court exercises its sentencing discretion and articulates its supporting reasons cannot be raised for the first time on appeal.' " (*People v. Boyce* (2014) 59 Cal.4th 672, 730.) " '[C]laims involving the trial court's failure to properly make or articulate its discretionary sentencing choices' are subject to forfeiture, including 'cases in which the stated reasons allegedly do not apply to the particular case, and cases in which the court purportedly erred because it double-counted a particular sentencing factor, misweighed the various factors, or failed to state any reasons or to give a sufficient number of valid reasons.' " (*Id*. at pp. 730–731.)

In this case, probation recommended a total sentence of 21 years four months.[2] The probation report identified two mitigating circumstances—that defendant had a limited prior record of criminal conduct, and that his prior performance on probation or parole was satisfactory. It also identified three aggravating circumstances: (1) the crimes involved great violence, great bodily harm, the threat of great bodily harm or other acts disclosing a high degree of cruelty, viciousness, or callousness; (2) the victim was

---

[2] Although pages 13 and 15 of the probation report indicate a recommended total sentence of 19 years four months, page 16 contains a modification to count 6 that makes the recommended total sentence 21 years four months.

particularly vulnerable in that she was 11 years old when the incidents occurred; and (3) the defendant took advantage of a position of trust or confidence to commit the offenses.

The probation report further stated that the crimes and their objectives were predominately independent of each other and were committed at different times or separate places, rather than being committed so closely in time and place as to indicate a single period of aberrant behavior. Accordingly, probation recommended counts 7, 8, 10, and 12 run concurrently to count 1 and all remaining counts run consecutively for a total term of 21 years four months.

At the sentencing hearing, the trial court noted it "hear[d] the trial in this matter." It then denied defendant's application for probation and pronounced the sentence for each count, sentencing defendant to a total term of 21 years four months. Although the trial court sentenced defendant in accordance with the recommendations articulated in the probation report, it did not provide a statement of reasons for its sentencing choice. However, because defendant did not object at the time of sentencing, he forfeited appellate review of the issue.

## II.    Abstract of Judgment

Although the parties did not mention it in their appellate briefs, we have identified a clerical error in the abstract of judgment. The trial court's oral imposition of defendant's sentence totaled 21 years four months. (*People v. Mesa* (1975) 14 Cal.3d 466, 471 [In a criminal case, the oral pronouncement of a sentence constitutes the judgment.].) However, item 8 on the first page of the abstract of judgment incorrectly states defendant's "TOTAL TIME" is 19 years four months. It appears item 8 did not account for the two years on the attached page. Therefore, item 8 of the abstract of judgment must be corrected to reflect defendant's aggregate sentence of 21 years four months. (*People v. Mitchell* (2001) 26 Cal.4th 181, 187 [an appellate court can

correct clerical errors in the abstract of judgment without a request from either party].)
We direct the clerk of the court to amend the abstract of judgment.

## <u>DISPOSITION</u>

The judgment is affirmed. The trial court is directed to correct the abstract of judgment to reflect the orally imposed aggregate sentence of 21 years four months, and to forward a certified copy of the amended abstract of judgment to the appropriate entities.